No. 104,018

STATE OF KANSAS, *Appellee*, v. JUSTIN J. JONES, *Appellant*.

(268 P.3d 491)

Opinion filed January 20, 2012.

*Joanna Labastida*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Jim Garner*, of Lawrence, and *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: Subsequent to the sentencing hearing at which appellant Justin Jones was sentenced for committing the crime of aggravated indecent liberties with a child, this court filed several decisions that explain the steps to be taken if a sentencing court departs from the sentence provided for in K.S.A. 21-4643(a), (d) (Jessica's Law). The sentencing court did not explicitly take these steps or make the corresponding findings. As a result, under these recent decisions, Jones' sentence would be considered illegal, meaning it should be vacated. Nevertheless, the State argues that Jones cannot complain about his sentence because he had agreed to the sentence as part of a plea agreement. This argument is not supported by our past cases, which hold that a defendant cannot

agree to an illegal sentence. Consequently, we vacate Jones' sentence and remand for resentencing. This holding renders moot Jones' other argument that the sentencing court made inadequate findings regarding the constitutionality of his sentence, which he argues is disproportionate.

## FACTS AND PROCEDURAL BACKGROUND

Jones pleaded no contest to aggravated indecent liberties with a 6-year-old child in violation of K.S.A. 21-3504(a)(3)(A), an off-grid person felony. Under K.S.A. 21-4643(a) (1), (d), the prescribed sentence was life imprisonment with a mandatory minimum of 25 years. The statute allows for a departure if the defendant is a first-time offender and the sentencing court finds substantial and compelling mitigating factors. Jones filed a motion for departure, requesting a 120-month sentence. The State had agreed to a 120-month sentence in its plea agreement with Jones.

Jones reiterated his request at the November 2, 2009, sentencing hearing, and the State indicated on the record that it agreed to a 120-month prison sentence. Jones never argued, as he does before us, that the sentencing court should first depart to the applicable Kansas Sentencing Guidelines Act (KSGA) grid box corresponding to a criminal history of I and an offense severity level 3. See K.S.A. 21-4704. The presumptive sentence within this grid box is 55, 59, or 61 months.

In addition to the motion for a departure sentence, Jones filed a motion in which he argued the statutorily mandated lifetime post-release supervision is disproportionate to his crime and, therefore, unconstitutional under § 9 of the Kansas Constitution Bill of Rights and the Eighth Amendment to the United States Constitution. At the November 2, 2009, sentencing hearing, Jones asked the court to make adequate rulings on his motion as required by Supreme Court Rule 165 (2011 Kan. Ct. R. Annot. 246). In order to facilitate this requirement, the sentencing court decided to take all sentencing matters under advisement and continued the sentencing hearing to November 10, 2009.

At the November 10 hearing, the sentencing court found there were substantial and compelling reasons to depart from the life

sentence and mandatory minimum of Jessica's Law. The court did not make any additional findings before imposing the 120-month sentence agreed upon by the parties. Turning to Jones' argument that lifetime postrelease supervision is disproportionate and unconstitutional under § 9 of the Kansas Constitution Bill of Rights and the Eighth Amendment to the United States Constitution, the court denied his motion. As Jones had requested on November 2, the court stated its findings on the record; Jones did not object to the findings as being inadequate.

Jones now appeals his 120-month prison sentence and postrelease supervision, arguing the sentencing court failed to follow the correct procedure in departing from the life sentence under Jessica's Law and failed to make adequate findings regarding his motion that lifetime postrelease supervision was a disproportionate sentence. This court's jurisdiction is under K.S.A. 22-3601(b)(1) (off-grid crime; life sentence).

## ILLEGAL SENTENCE

The issue of whether Jones' sentence is illegal because the sentencing court did not follow the correct procedure by first departing to the applicable KSGA grid box was resolved in Jones' favor in a series of cases beginning with *State v. Gracey*, 288 Kan. 252, 200 P.3d 1275 (2009). In *Gracey*, this court held that "K.S.A. 21-4643(d) provides that in the presence of substantial and compelling reasons, the district court may impose a sentence *pursuant to the sentencing guidelines*." (Emphasis added.) *Gracey*, 288 Kan. at 259. Thus, under the version of Jessica's Law in effect at the time of Jones' offense, a departure to the applicable KSGA grid box was an option. More recently, in *State v. Spencer*, 291 Kan. 796, 248 P.3d 256 (2011), we clarified that a sentencing court intending to depart under K.S.A. 21-4643(d) should first go to the KSGA grid box appropriate to the defendant's criminal history score and to "the severity level assigned to the crime when it lacks the element of disparity between the defendant's and the victim's ages." *Spencer*, 291 Kan. at 827. Once sentencing has shifted to the KSGA, nothing precludes the sentencing court from granting a further departure, either dispositional or durational. *Gracey*, 288 Kan. at

260 (citing *State v. Ortega-Cadelan*, 287 Kan. 157, 165, 194 P.3d 1195 [2008]); *State v. Ballard*, 289 Kan. 1000, 1008-09, 218 P.3d 432 (2009).

These holdings were applied in *State v. Jolly*, 291 Kan. 842, 249 P.3d 421 (2011), a case that is similar to this one. In *Jolly*, the defendant pleaded guilty to the rape of a child under 14 years of age, subjecting him to the Jessica's Law hard 25 life sentence. He filed a motion for departure, which the sentencing court granted by imposing a 300-month prison sentence. Jolly argued on appeal that the sentencing court should have sentenced him to the " 'presumptive guidelines range.' " *Jolly*, 291 Kan. at 845. He contended the sentencing court's departure was the result of two different departures—a departure from a Jessica's Law life sentence to the applicable KSGA grid box (with a sentencing range of 147 to 165 months), and then an upward departure from the grid box to 300 months. Jolly argued that the second departure was erroneous because the sentencing court failed to comply with the procedural requirement of finding aggravating factors that justified the upward departure from the grid box presumptive sentence to a 300-month sentence. *Jolly*, 291 Kan. at 845. This court noted, however, that the sentencing court neither mentioned it was moving to the KSGA grid nor acknowledged Jolly's presumptive sentence range in the applicable KSGA grid box. Instead, the sentencing court's "analytical path" was unclear. *Jolly*, 291 Kan. at 846.

The *Jolly* court concluded the sentence was not imposed according to either Jessica's Law or the KSGA. This court recognized that a two-step departure is possible, but "the requirements of neither the first step into the guidelines nor the second step away from the presumptive guidelines sentence can be ignored, and all departure procedures must be followed." *Jolly*, 291 Kan. at 847. Consequently, this court concluded that Jolly's sentence was illegal, vacated the sentence, and remanded for resentencing. *Jolly*, 291 Kan. at 847 (citing *Ballard*, 289 Kan. at 1010 ["illegal sentence is ' " 'a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized' " ']").

Here, as in *Jolly*, the sentencing court was required to first look to the applicable KSGA grid box after deciding not to impose a

Jessica's Law life sentence. Yet, although the sentencing court found substantial and compelling reasons for not imposing the life sentence, it never mentioned that it was departing to the "sentence pursuant to the sentencing guidelines act, K.S.A. 21-4701 *et seq.*" See K.S.A. 21-4643(d). Aggravated indecent liberties with a child in violation of K.S.A. 21-3504(a)(3)(A), without the age disparity that implicates Jessica's Law, is a severity level 3 person felony. See *Spencer*, 291 Kan. at 827. Paired with Jones' criminal history score of I, the appropriate KSGA grid box was that for an offender with a criminal history of I and an offense severity level 3—a presumptive term of 55, 59, or 61 months. Yet, the sentencing court did not acknowledge Jones' presumptive sentence under the KSGA. Nor did the sentencing court discuss aggravating factors that would justify the upward departure from the presumptive guidelines sentence. Rather, the court merely skipped from life imprisonment to 120 months at the suggestion of the parties.

Because the sentencing court did not comply with the procedure set forth in *Jolly*, Jones' 120-month prison sentence is illegal. See *Jolly*, 291 Kan. at 847.

Ordinarily the conclusion that a sentence is illegal would trigger the remedy of vacating the sentence. But the State argues that this relief is not available to Jones because he agreed to the sentence. Granted, as the State argues, K.S.A. 21-4721(c)(2) provides that an appellate court shall not review on appeal a sentence for a felony conviction that is the result of a plea agreement between the State and the defendant that has been approved by the district court on the record. But K.S.A. 22-3504(1) allows an "illegal sentence" to be corrected "at any time." Reconciling the two provisions, in *State v. Duncan*, 291 Kan. 467, 470-71, 243 P.3d 338 (2010), this court held that " '[w]here K.S.A. 21-4721 applies, an appellate court's jurisdiction to consider a challenge to a sentence is limited to those grounds authorized by the statute or a claim that the sentence is *otherwise illegal*.' [Citation omitted.]" The sentence at issue in this case is illegal. Therefore, our jurisdiction falls into the limited exception where K.S.A. 21-4721 does not apply. Consequently, Jones' sentence is vacated and the case is remanded for resentencing.

## LIFETIME POSTRELEASE SUPERVISION

Jones also complains the sentencing court failed to make adequate rulings on the record as required by Rule 165 when it denied Jones' written motion regarding his lifetime postrelease supervision term. In the motion, he argued that imposing lifetime postrelease supervision for his crime would violate the cruel and/or unusual punishment prohibitions in § 9 of the Kansas Constitution Bill of Rights and the Eighth Amendment to the United States Constitution.

Before sentencing, Jones specifically asked the court to comply with Rule 165 when ruling on the motion. After the sentencing court issued an order, Jones did not object to the findings. Instead, in this appeal he contends for the first time that the court's findings were inadequate. Without arguing the merits of his constitutional challenge, Jones asks this court to remand the case for further findings. Jones points out that in *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978), this court defined three factors to be considered in determining if a sentence violates § 9 of the Kansas Constitution Bill of Rights. This court has indicated that "one consideration may weigh so heavily that it directs the final conclusion," but "consideration should be given to each prong of the test." *Ortega-Cadelan*, 287 Kan. at 161. In this case, the sentencing court did not make any findings on the first or third *Freeman* factors, nor did the court make any specific findings relating to a federal constitutional challenge.

The defendant bears some fault for not taking the step of objecting to the findings before the sentencing court. See *State v. Seward*, 289 Kan. 715, 720-21, 217 P.3d 443 (2009). This failure on Jones' part might preclude this court from providing relief in this appeal if we were to reach the issue of whether the postrelease period was unconstitutional. But we do not reach the issue because Jones' sentence has been vacated and, because postrelease supervision is a part of that sentence, the issue before us is moot. See *Martin v. Kansas Parole Board*, 292 Kan. 336, 343, 255 P.3d 9 (2011) (postrelease supervision is part of sentence). On remand, Jones will have the opportunity to renew his motion.

The sentence is vacated and remanded with directions.