NOT DESIGNATED FOR PUBLICATION

No. 126,939

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREW WARE,
*Appellant.*


MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK, judge. Opinion filed September 27, 2024. Sentence vacated in part, and case remanded with directions.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.


PER CURIAM: Andrew Ware appeals his sentence after pleading no contest to one count of possession of methamphetamine. Ware moved for summary disposition of this appeal under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State did not respond. We granted the motion for summary disposition and now agree that Ware's sentence is illegal and must be corrected on remand. See K.S.A. 22-3504(c)(1) (sentence is illegal when it does not conform to the applicable statutory provisions).

The State charged Ware with one count of possession of methamphetamine, a severity level 5 drug felony. At arraignment, the district court advised Ware that the postrelease supervision period for the charged offense was 12 months. At the plea hearing, the parties notified the district court that they expected that Ware would be

1

subject to K.S.A. 21-6805(f)(1), commonly referred to as special rule 26, as having a third or subsequent conviction for drug possession. The district court again advised Ware that the postrelease supervision period for a severity level 5 drug felony was 12 months. The written acknowledgment of rights and entry of plea likewise advised that the postrelease supervision period was 12 months. The district court accepted Ware's plea.

As anticipated, the presentence investigation (PSI) report showed that Ware was not eligible for mandatory drug treatment because this was his third or subsequent offense for felony drug possession, which also subjected him to special rule 26. But in the postrelease supervision duration section of the PSI report, the box for 24 months' postrelease was checked.

At sentencing, the district court pointed out that this was a severity level 5 drug felony with a sentencing range of 23 to 26 months. The court also stated: "This came back as Special Rule 26, third or subsequent felony drug possession, not eligible for mandatory drug treatment due to special rule. In that situation, post-release is 24 months. If probation is still selected, it's 12 months." The State repeated this information, yet no one cited any statute supporting a postrelease supervision period of 24 months. The court granted Ware a durational departure to 10 months incarceration and ordered a 24-month postrelease supervision period.

Ware correctly argues that no statute authorizes 24 months of postrelease supervision under these facts. K.S.A. 21-6805(f)(1), the special rule applied here, does not specify postrelease supervision lengths:

> "The sentence for a third or subsequent felony conviction of K.S.A. 65-4160 or 65-4162, prior to their repeal, K.S.A. 21-36a06, prior to its transfer, or K.S.A. 21-5706, and amendments thereto, shall be a presumptive term of imprisonment and the defendant shall be sentenced to prison as provided by this section. The defendant's term of

2

imprisonment shall be served in the custody of the secretary of corrections in a facility designated by the secretary. Subject to appropriations therefore, the defendant shall participate in an intensive substance abuse treatment program, of at least four months duration, selected by the secretary of corrections. If the secretary determines that substance abuse treatment resources are otherwise available, such term of imprisonment may be served in a facility designated by the secretary of corrections in the custody of the secretary of corrections to participate in an intensive substance abuse treatment program. The secretary's determination regarding the availability of treatment resources shall not be subject to review. Upon the successful completion of such intensive treatment program, the offender shall be returned to the court and the court may modify the sentence by directing that a less severe penalty be imposed in lieu of that originally adjudged. If the offender's term of imprisonment expires, *the offender shall be placed under the applicable period of postrelease supervision*." (Emphasis added.)

Rather, postrelease supervision is governed by K.S.A. 22-3717. Subsection (d)(1)(C) of that statute provides postrelease supervision period for those, like Ware, convicted of drug severity level 5 after July 1, 2012, of 12 months. And no provision in that statute requires a lengthier postrelease supervision period for severity level 5 drug felonies. The statute also references K.S.A. 21-6805(f), suggesting that it includes the special rule applied here.

The PSI report's error in calculating a 24-month period of postrelease supervision may have arisen from reliance on K.S.A. 22-3717(d)(1)(B). That statute provides:

"Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity levels 5 and 6 crimes, drug severity level 3 crimes committed on or after July 1, 1993, but prior to July 1, 2012, and drug severity level 4 crimes committed on or after July 1, 2012, must serve 24 months on postrelease supervision." K.S.A. 22-3717(d)(1)(B).

But this provision does not apply to Ware's severity level 5 drug felony.

Ware asks us to remand this matter to the district court with directions to order a postrelease supervision period of 12 months in compliance with the appropriate statute. The State has not opposed that request.

We agree that a new sentencing hearing is needed. In *State v. Sheets*, 60 Kan. App. 2d 378, 494 P.3d 168 (2021), this court clarified the procedure that may be taken when a court imposes an incorrect postrelease supervision period at sentencing.

> "The postrelease-supervision period is part of the sentence. See *State v. Jones*, 293 Kan. 757, 762, 268 P.3d 491 (2012). Usually, whatever sentence is announced from the bench is final and can't be corrected later by the sentencing judge except for minor clerical errors. K.S.A. 2020 Supp. 22-3504(b); *State v. Edwards*, 309 Kan. 830, 835-36, 440 P.3d 557 (2019). But there's an exception to that rule: If the sentence as announced isn't a lawful one because it doesn't comply with the sentencing statutes, then it can be corrected to make it lawful while the defendant is still serving the sentence. See K.S.A. 2020 Supp. 22-3504(a), (c); *State v. Roberts*, 309 Kan. 420, 422, 435 P.3d 1149 (2019). Even then, though, the terms of the sentence must be announced from the bench, not added in a later document. See *State v. McDaniel*, 292 Kan. 443, 445-46, 254 P.3d 534 (2011)." 60 Kan. App. 2d at 379.

Following these principles, we vacate the order of postrelease supervision and remand with directions for the district court to order on the record the 12-month postrelease supervision period provided in K.S.A. 22-3717(d)(1)(C).

Sentence vacated in part, and case remanded with directions.