IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,172

STATE OF KANSAS,
*Appellee*,

v.

BILLY SARTIN,
*Appellant*.

SYLLABUS BY THE COURT

1.

When the legality of a sentence is challenged with a motion to correct an illegal sentence pursuant to K.S.A. 22-3504(1), the determination of the sentence's legality is controlled by the law in effect at the time the sentence was pronounced. For purposes of a K.S.A. 22-3504(1) motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law.

2.

K.S.A. 22-3504(1) directs that an illegal sentence may be corrected at any time. Consequently, an appellate court has the authority to consider an illegal sentence issue raised for the first time on appeal.

Review of the judgment of the Court of Appeals in an unpublished opinion filed February 3, 2017. Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed August 16, 2019. Judgment of the Court of Appeals affirming the district court is affirmed in part and the case is remanded to the Court of Appeals with directions. Judgment of the district court is affirmed in part.

1

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.:  Billy Sartin seeks review of the Court of Appeal's decision affirming the district court's summary denial of his motion to correct an allegedly illegal sentence imposed in 1995. Sartin contends that five of his prior Illinois convictions were improperly classified as person felonies in his Kansas Sentencing Guidelines Act (KSGA) criminal history calculation. The Court of Appeals considered and rejected Sartin's challenge to the classification of one of his prior convictions but refused to consider the legality of the other four convictions, deeming those challenges to have been made for the first time on appeal.

We affirm the panel's determination on the merits relative to the one conviction it considered, but reverse its erroneous holding that it could not consider the legality of the other four prior convictions. We remand to the Court of Appeals with directions to consider and rule on the merits of the legality of the other four prior Illinois convictions.

FACTUAL AND PROCEDURAL BACKGROUND

Following his 1995 convictions for aggravated kidnapping, aggravated criminal sodomy, sexual battery, aggravated robbery, and robbery, Billy Sartin was sentenced to 604 months in prison. His sentence was calculated using a criminal history score of A, which included five prior felony convictions from Illinois:  two convictions in 1987 for aggravated criminal sexual battery, two 1987 convictions for home invasion, and one 1993 conviction for aggravated criminal sexual abuse. The robbery conviction was

2

remanded on direct appeal and the State opted against re-prosecuting it; Sartin's sentence was reduced to 570 months. *State v. Sartin*, No. 74,791, unpublished opinion filed November 15, 1996 (Kan. App.). The mandate issued February 7, 1997.

In June 2015, Sartin filed a pro se K.S.A. 22-3504 motion to correct an illegal sentence, arguing that one of his Illinois convictions, for aggravated criminal sexual abuse, should be scored as a nonperson felony pursuant to *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014) (*Murdock I*), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), which had held that all prior out-of-state convictions must be scored as nonperson crimes.

The State responded and noted that *Murdock I* had been overruled by *Keel* and, in addition, the *Murdock I* holding was being legislatively abrogated. The district court denied Sartin's motion, noting in a motions minute sheet that the motion was denied because of *Keel* and H.B. 2053 (2015), the legislation abrogating the *Murdock I* holding.

The Court of Appeals affirmed the district court's denial. On the merits, the panel found that, for KSGA criminal history scoring purposes, the Illinois crime of aggravated criminal sexual abuse was comparable to the Kansas crime of aggravated sexual battery, K.S.A. 1994 Supp. 21-3518, which was a person felony. *State v. Sartin*, No. 115,172, 2017 WL 462696, at *4 (Kan. App. 2017) (unpublished opinion). But the panel declined to consider the merits of Sartin's challenge to his other four Illinois convictions because he had not specifically mentioned them in his pro se K.S.A. 22-3504 motion, albeit his brief to the Court of Appeals contested all five prior convictions. *Sartin*, 2017 WL 462696, at *2.

We granted Sartin's petition for review of the Court of Appeals' decision.

3

CLASSIFICATION OF ILLINOIS CRIME OF AGGRAVATED CRIMINAL SEXUAL ABUSE

We first consider whether the Court of Appeals was correct in holding that the sentencing court correctly classified Sartin's conviction in Illinois for aggravated criminal sexual abuse as a person felony when calculating his criminal history score under the KSGA. Sartin's current argument in support of his illegality claim is based upon the constitutional prohibition on judicial fact-finding that has emanated from *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). But because Sartin was sentenced years before those cases became applicable, his challenge is unavailing.

*Standard of Review*

Whether a sentence is illegal is a question of law subject to unlimited review. *State v. Donahue*, 309 Kan. 265, 267, 434 P.3d 230 (2019). Interpretation of statutes is also a matter of law subject to unlimited review. *State v. Jamerson*, 309 Kan. 211, 214, 433 P.3d 698 (2019). Classification of prior crimes for criminal history purposes involves interpretation of the KSGA, which is therefore subject to unlimited review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018) (citing *Keel*, 302 Kan. at 571-72).

*Analysis*

Pursuant to K.S.A. 22-3504(1) "[t]he court may correct an illegal sentence at any time." A sentence is illegal under K.S.A. 22-3504 if it: (1) was imposed by a court lacking jurisdiction; (2) does not conform to statutory provisions in character or term of punishment authorized; or (3) is ambiguous with regard to the time and manner it is to be served. *State v. Noyce*, 301 Kan. 408, 409-10, 343 P.3d 105 (2015). Sartin relies on the

4

second circumstance; he argues that his sentences did not conform to the statutory provisions governing the calculation of a criminal history score which in turn resulted in an unauthorized term of punishment.

Sartin's 1995 sentence was imposed under the KSGA, which introduced the person/nonperson categorization of crimes and mechanisms used to determine how prior crimes should be accounted during sentencing proceedings. K.S.A. 21-4701 et seq.; see K.S.A. 2018 Supp. 21-6811 (formerly K.S.A. 21-4711, determination of criminal history classification). Prior convictions for person felonies increase the criminal history score more than nonperson felony convictions and, thus, result in longer prison terms. Of particular importance here is that his prior out-of-state convictions were compared to Kansas crimes when calculating criminal history. To wit:

> "(e) Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime." K.S.A. 1994 Supp. 21-4711.

The meaning of "comparable offense" was, for many years, defined as the "closest approximation." *State v. Williams*, 299 Kan. 870, 873-74, 326 P.3d 1070 (2014) (citing *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 [2003]). Under that test, the out-of-state crimes need not have elements that are identical to a Kansas crime. It was sufficient if the Kansas person-felony crime closely approximated the elements of the out-of-state crime. 299 Kan. at 873.

Subsequently, however, we refined the definition of a comparable offense for purposes of classifying out-of-state felonies as person offenses under the KSGA. Specifically, in *Wetrich* we held, as a matter of statutory construction:

> "For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 562.

*Wetrich* was decided after Sartin filed his petition for review. Nevertheless, Sartin asked us to apply the same identical-to-or-narrower-than paradigm as a matter of constitutional law. The argument is founded on *Apprendi*'s prohibition against judicial fact-finding. If the elements of the out-of-state crime are broader than those of the Kansas offense, the out-of-state conviction could have been established by acts that would not be a violation of the Kansas crime, i.e., the fact of the out-of-state conviction, standing alone, would not necessarily establish the elements of the Kansas crime. Therefore, the sentencing court would have to engage in judicial fact-finding to determine whether the out-of-state acts would have established the "comparable" Kansas offense. Here, Sartin argues that the elements of the Illinois crimes are broader than the corresponding Kansas crimes, and that under *Apprendi* and *Descamps* a court is prohibited from engaging in any fact-finding beyond the fact of the existence of the prior convictions in order to discover the underlying factual circumstances of the prior convictions.

After *Wetrich*, however, we clarified that the determination of the legality of a sentence for K.S.A. 22-3504(1) purposes is to be based on the law in effect when the sentence was pronounced, e.g., the sentence conformed with the statutory provisions then in effect. *State v. Murdock*, 309 Kan. 585, 591-92, 439 P.3d 307 (2019) (*Murdock II*). If the sentence was legal when originally imposed, a subsequent change in the law cannot transform a legal sentence into an illegal sentence. Specifically, *Murdock II* said that

"the legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. The legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced. At that moment, a pronounced sentence is either legal or illegal according to then-existing law. Therefore, for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law." 309 Kan. at 591.

*Murdock II* clarified that it was not changing the longstanding rule that a defendant will receive the benefit of a change in the law that occurs while his or her case is pending on direct appeal. Rather, its holding is that a movant under K.S.A. 22-3504(1) "is stuck with the law in effect at the time the sentence was pronounced." 309 Kan. at 592. Likewise, *Murdock II* did not intend to foreclose the possibility that developments in the law might call for a reassessment of the original legality of the sentence at the time of pronouncement; to the contrary, its focus was on "true *changes* in the law." 309 Kan. at 592. See also *State v. McAlister*, 310 Kan. ___, No. 115,887, 2019 WL 3047420, at *3-4 (2019); *State v. Dawson*, 310 Kan. ___, No. 115,129, 2019 WL 3048432, at *4 (2019); and *State v. Tauer*, 310 Kan. ___, No. 114,432, 2019 WL 3047423, at *2 (2019).

Sartin was sentenced in 1995. He contends that his sentence was subsequently rendered illegal by *Apprendi*'s prohibition on judicial fact-finding and subsequent decisions from this court, i.e., the law upon which Sartin relies to argue illegality of his sentence was not the law in effect when his sentence was pronounced. *Murdock II* precludes that subsequent-change-in-the-law argument. Further, as a matter of statutory law, in *State v. Weber*, 309 Kan. 1203, 1209, 442 P.3d 1044 (2019), this court held "*Wetrich* was a change in the law as contemplated by *Murdock II*"; therefore, Sartin is precluded from arguing "*Wetrich* makes his sentence, which was legal when it was imposed, illegal." The legality of Sartin's sentence must be assessed by the comparability test applicable when his sentence was pronounced, i.e., the closest approximation test.

7

The Court of Appeals determined that the Illinois crime of aggravated criminal sexual abuse, Ill. Stat. Ch. 38, ¶ 12-16 (1992), was comparable to the Kansas crime of aggravated sexual battery, K.S.A. 1994 Supp. 21-3518. Because aggravated sexual battery was a person felony in Kansas, the Illinois conviction for the comparable crime of aggravated criminal sexual abuse was scored as a person felony. We agree.

Ill. Stat. Ch. 38, ¶ 12-16 (1992) describes multiple ways in which the crime may be committed. In this case we know Sartin was convicted under subsection 12-16(a)(1), which states:

> "(a) The accused commits aggravated criminal sexual abuse if he or she commits criminal sexual abuse as defined in subsection (a) of Section 12-15 of this Code and any of the following aggravating circumstances existed during the commission of the offense:
>
> > (1) the accused displayed, threatened to use or used a dangerous weapon or any object fashioned or utilized in such a manner as to lead the victim under the circumstances reasonably to believe it to be a dangerous weapon[.]"Ill. Stat. Ch. 38, ¶ 12-16 (1992).

"Criminal sexual abuse" is defined by Ill. Stat. Ch. 38, ¶ 12-15 (1992) as an act of "sexual conduct" by the use of force or threat; when the victim is unable to understand or give consent; or when certain age discrepancies exist.

"Sexual conduct" is

> "any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, for the purpose of sexual gratification or arousal of the victim or the accused." Ill. Stat. Ch. 38, ¶ 12-12(e) (1992).

Kansas aggravated sexual battery provides:

"(a) Aggravated sexual battery is the intentional touching of the person of another who is 16 or more years of age and who does not consent thereto, with the intent to arouse or satisfy the sexual desires of the offender or another under any of the following circumstances:

(1) When the victim is overcome by force or fear;

(2) when the victim is unconscious or physically powerless;

(3) when the victim is incapable of giving consent because of mental deficiency or disease, or when the victim is incapable of giving consent because of the effect of any alcoholic liquor, narcotic, drug or other substance, which condition was known by, or was reasonably apparent to, the offender.

"(b) Aggravated sexual battery is a severity level 5, person felony.

"(c) This section shall be part of and supplemental to the Kansas criminal code." K.S.A. 1994 Supp. 21-3518.

The panel, citing to *Williams*' use of the "closest approximation" standard, opined that Illinois' aggravated criminal sexual abuse was "sufficiently similar in the nature and type of conduct prohibited" by Kansas' aggravated sexual battery to be a comparable crime for purposes of classifying the prior conviction as a person offense. *Sartin*, 2017 WL 462696, at *4. Sartin attempts to refute that comparability determination by describing hypothetical situations under which a person could be convicted of the Illinois crime, but not the Kansas crime. That tack would be compelling under *Wetrich*'s identical-or-narrower-elements test. But the test is closest approximation. In that vein, we agree that the gravamen of the Illinois crime closely approximates that of our aggravated sexual battery.

9

In short, the panel's conclusion that Illinois' aggravated criminal sexual abuse is comparable to Kansas' aggravated sexual battery and, therefore, the Illinois prior conviction was properly scored as a person felony in calculating Sartin's KSGA criminal history score was not erroneous.

FAILURE TO CONSIDER THE MERITS OF OTHER ILLEGAL SENTENCE CLAIMS

Sartin also asks us to review the Court of Appeals' decision to decline to review all of Sartin's claims of error that created an illegal sentence. As noted above, Sartin had four other prior Illinois convictions: two convictions for aggravated criminal sexual battery and two convictions for home invasion. These convictions were in 1987 and resulted from acts committed in 1984. The Kansas sentencing court used all five prior Illinois convictions to calculate Sartin's KSGA criminal history score. Consequently, if any one of the prior convictions was misclassified, the resulting criminal history score would not have conformed to statutory provisions and the Kansas sentence would have been illegal.

Nevertheless, the panel declined to consider whether other portions of the criminal history calculation were statutorily infirm. It opined that the March 1993 aggravated criminal sexual abuse "conviction alone was the subject of the motion to correct illegal sentence and this appeal is from denial of that motion." *Sartin*, 2017 WL 462696, at \*2.

Normally issues raised for the first time on appeal are not considered. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Arguably, the issue raised on appeal was the legality of the Kansas sentence imposed in 1995, which was the issue raised in the motion to correct an illegal sentence. But we need not ruminate on whether the *issue* was the classification of each prior crime used to calculate the sentence or the legality of the ensuing sentence. In *State v. Luarks*, 302 Kan. 972, 975, 360 P.3d 418 (2015), we held that "[w]e have statutory authority to consider illegal sentence issues for the first time on appeal" based on the statutory directive in K.S.A. 22-3504(1) that an illegal sentence may

10

be corrected at any time, and based on *State v. Dickey*, 301 Kan. 1018, 1027, 350 P.3d 1054 (2015). See also *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011) (citing *State v. Flores*, 283 Kan. 380, 153 P.3d 506 [2007]).

Therefore, the panel erred when it declined to consider the legality of Sartin's sentence from the perspective of the classification of all five prior Illinois convictions that Sartin challenged in his brief to the Court of Appeals. Consequently, we remand the case to the Court of Appeals with instructions to consider and rule on the merits of the person offense classification of the other four Illinois convictions.

Affirmed in part and remanded with directions.