NOT DESIGNATED FOR PUBLICATION

No. 119,999

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SKYLER DARGA PAEGLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Seward District Court; CLINT B. PETERSON, judge. Opinion filed November 8, 2019. Affirmed in part, reversed in part, and remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Russell Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and SCHROEDER, JJ.

PER CURIAM: Skyler Darga Paegle appeals the district court's denial of his presentence motion to withdraw his no contest pleas to two counts of aggravated indecent liberties with a child. He argues the district court abused its discretion when it found Paegle knowingly and voluntarily entered the plea and understood the consequences of the plea. He also argues the district court erred in determining his criminal history when it counted his prior Indiana intimidation conviction as a person felony. We find no abuse of discretion by the district court when it denied Paegle's motion to withdraw his no contest pleas. However, we agree with Paegle his criminal history score may not be properly calculated. We remand for the district court to determine whether Paegle's Indiana

1

conviction has a comparable Kansas offense that is "identical to or narrower than, the elements of a Kansas crime" and to further determine how the Indiana conviction affects Paegle's criminal history score.

Affirmed in part, reversed in part, and remanded.

FACTS

Initially, the State charged Paegle in 3 separate cases with 16 counts of both on-grid and off-grid person felonies for sexual acts committed in 2014 with a child less than 14 years old. Paegle waived his right to a preliminary hearing and the case was set for arraignment. At arraignment, the district court was informed a plea agreement had been reached. Paegle would plead guilty or no contest to two counts of aggravated indecent liberties with a child, level 3 person felonies. In exchange, the State would dismiss the remaining charges in all of his pending cases. The district court asked Paegle's attorney if Paegle was going to plead no contest; his attorney responded, "Yes." The district court then informed Paegle of the consequences of entering his pleas, including: (1) if the State provided a sufficient factual basis for his charges, it would find him guilty, and (2) Paegle would give up his right to a jury trial and his right to appeal his convictions if he pled no contest. Paegle confirmed he understood the consequences of his no contest pleas. The district court asked Paegle: "And is your mind clear today?" Paegle responded, "Yes." It then asked Paegle: "Do you understand what we're doing here?" Again, Paegle responded, "Yes." Paegle then pled no contest to two counts of aggravated indecent liberties with a child and the State provided a factual basis.

The district court found Paegle was mentally competent, his no contest pleas were freely and voluntarily entered into, and the State provided a sufficient factual basis to find Paegle guilty. The district court ordered a presentence investigation (PSI) report. The PSI report indicated Paegle's criminal history score was A based on 10 prior convictions,

2

including a 2011 Indiana intimidation conviction under Ind. Code § 35-45-2-1, which the PSI report listed as a person felony. However, Paegle's criminal history score would be B if his Indiana intimidation conviction was scored as a nonperson felony. See K.S.A. 2018 Supp. 21-6809 (defining criminal history categories based on nature and number of prior convictions). The PSI report failed to identify the specific portion of the Indiana statute under which Paegle was convicted.

Paegle moved to withdraw his no contest pleas before sentencing, alleging he did not understand the plea agreement or his jury trial rights, and his plea was not freely and willingly made. The district court addressed Paegle's motion at sentencing. Paegle testified he did not understandingly enter his pleas because he was not on his medications for his bipolar and schizophrenia disorders at the time. When the district court asked Paegle why he did not take his medications, he responded, "I was being defiant. I was very unstable in jail and I was just being defiant." Paegle told the district court he was on his medications at the sentencing hearing and understood the proceedings.

The district court discussed three factors it considered in denying Paegle's motion to withdraw his pleas. The district court had discussed with Paegle on the record his rights associated with a jury trial and that it "would not have gone forward with the arraignment had [Paegle] ever made any indication that he was not following and/or understanding and/or in agreement with what I was saying." It found Paegle's decision to not take his medication at the time he entered his pleas "show[ed] a[n] ability to rationalize and understand consequences." Finally, the district court found it had worked with Paegle's attorney often and his attorney usually filed motions to determine the competency of his clients when appropriate; therefore, his decision to not file such a motion in Paegle's case showed he was not concerned about Paegle's ability to understand the proceedings and the plea he agreed to enter.

3

Paegle did not object to his criminal history as indicated in the PSI report. The district court found Paegle's criminal history score was A and sentenced him to 233 months in prison subject to postrelease supervision, to pay certain court costs and expenses, and to register as a convicted sex offender. In finding the criminal history score to be A, the district court scored Paegle's prior Indiana conviction for intimidation as a comparable out-of-state person felony.

ANALYSIS

*Motion to withdraw plea*

On appeal, Paegle argues the district court abused its discretion when it denied his motion to withdraw his pleas by finding: (1) the fact Paegle was not taking his prescribed medication at the time he entered his pleas did not affect his ability to understandingly enter his pleas, and (2) his attorney's decision not to file a motion to determine competency showed he was not concerned about Paegle's ability to understandingly make and enter his pleas.

A defendant can withdraw a plea before sentencing "for good cause shown and within the discretion of the court." K.S.A. 2018 Supp. 22-3210(d)(1); see *State v. Woodring*, 309 Kan. 379, 381, 435 P.3d 54 (2019). Here, Paegle filed his motion before sentencing. This court reviews the district court's good-cause determination for an abuse of discretion. See *Woodring*, 309 Kan. at 380.

The district court abuses its discretion when its action is: (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011). Here, Paegle alleges an error of fact. An error of fact occurs when "substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based."

4

*Ward*, 292 Kan. 541, Syl. ¶ 3. It is Paegle's burden to show the district court abused its discretion. *Woodring*, 309 Kan. at 380.

In reviewing the district court's decision, this court may not reweigh evidence or assess witness credibility. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011). When the same judge presided over a defendant's plea hearing and plea withdrawal hearing, that judge is in the best position to resolve conflicting testimony and credibility issues. See *State v. Schaefer*, 305 Kan. 581, 595-96, 385 P.3d 918 (2016). Here, the same judge who accepted Paegle's no contest pleas at arraignment also ruled on his motion to withdraw his pleas at the sentencing hearing.

The Kansas Supreme Court has established three nonexclusive factors—often called "*Edgar* factors"—a district court should evaluate when determining whether a defendant has shown good cause to withdraw a plea: "whether '(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made.'" *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006).

Here, Paegle argues the district court erred under the third *Edgar* factor in finding he understandingly made his plea. He asserts the district court "fail[ed] to consider [his] state of mind at the critical moment" when it found his decision to not be on his medications at arraignment "show[ed] a[n] ability to rationalize and understand consequences." In other words, Paegle claims his decision not to take his medications occurred *before* the arraignment; therefore, the district court's finding does not address his mental state *during* the arraignment. Strictly speaking, the district court's finding that Paegle's decision not to take his medication prior to arraignment goes to his mental state *before* the arraignment. That is, Paegle clearly showed his ability to "rationalize" when he decided not to take his medication *before* the arraignment hearing.

5

However, the record shows the district court acknowledged it had observed Paegle's demeanor at his arraignment during which Paegle did not act as though he did not understand what was happening, stating it "would not have gone forward with the arraignment had [Paegle] ever made any indication that he was not following and/or understanding and/or in agreement with what I was saying." The district court's factual findings are specific on this point and we are bound by its observations. These findings go to the weight and credibility of the evidence, which this court cannot reweigh. See *Schaefer*, 305 Kan. at 595-96; *Anderson*, 291 Kan. at 855. At the time of his plea, Paegle answered multiple questions from the district court and gave no indication he did not understand the proceedings or the questions he was being asked. Additionally, the record reflects Paegle's responses to the questions were appropriate.

Paegle also argues substantial competent evidence does not support the district court's finding his attorney's decision not to file a motion to determine his competency showed he was not concerned about Paegle's ability to understand the proceedings. The record suggests the district court made an inference based on the absence of a fact— Paegle's counsel *did not file* a motion to determine his competency. Generally, the district court cannot draw an inference against a defendant based on the absence of a fact *if* the State has the burden of production and persuasion. See *State v. Porting*, 281 Kan. 320, 328, 130 P.3d 1173 (2006) (in determining whether the State met its burden to justify a warrantless search, "[i]t [is] improper [for a court] to draw inferences from the lack of evidence in the record"). But here, Paegle had the burden to show good cause to withdraw his plea. *Woodring*, 309 Kan. at 380. The record does not contain any motion to determine competency, and neither Paegle nor his counsel disputed the district court's statement the motion was not filed.

But even if this finding was erroneous, any error of fact is harmless because the district court's independent finding—Paegle appeared to understand the plea based on its observations at arraignment—fully supports its decision. See *State v. Johnson*, 307 Kan.

6

436, 443, 410 P.3d 913 (2018) (appellate courts give deference to district court's factual findings on a motion to withdraw plea); *State v. Longstaff*, 296 Kan. 884, 895-96, 299 P.3d 268 (2013) (a finding the district court abused its discretion may be deemed harmless in light of the record as a whole).

The district court did not abuse its discretion in finding Paegle failed to show good cause to withdraw his plea.

*Criminal history must be recalculated*

Paegle argues the district court improperly scored his prior Indiana intimidation conviction as a person felony because its elements are not "identical to, or narrower than," a comparable Kansas offense. See *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018). Paegle claims this miscalculation results in an illegal sentence.

Generally, this issue requires this court to interpret the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2018 Supp. 21-6801 et seq. Interpretation of a statute is a question of law subject to unlimited review. See *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). It is the State's burden to prove an offender's criminal history score by a preponderance of the evidence. See K.S.A. 2018 Supp. 21-6814; *State v. Ewing*, 310 Kan. 348, Syl. ¶ 4, 446 P.3d 463 (2019). When an out-of-state offense included in an offender's criminal history score contains "multiple distinct sets of elements," some of which would not be comparable to Kansas person crimes, the State must establish which portion of the offense supports the person classification. *State v. Obregon*, 309 Kan. 1267, 1273-75, 444 P.3d 331 (2019). The district court's finding as to whether the State met its burden must be supported by substantial competent evidence. *Ewing*, 310 Kan. 463, Syl. ¶ 4. Therefore, this court reviews the district court's factual findings under the substantial competent evidence standard.

At sentencing, neither Paegle nor his counsel objected to the person classification of the Indiana conviction in the PSI report. The State in its brief argues Paegle's failure to object before the district court makes a difference on appeal. It does not. Paegle may challenge his criminal history score for the first time on appeal. See K.S.A. 2018 Supp. 22-3504(1); *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015) (challenge to the classification of a prior conviction for purposes of determining criminal history score can be raised for first time on appeal under K.S.A. 2018 Supp. 22-3504[1]).

In calculating a defendant's criminal history score, courts consider all felony convictions and adjudications and certain misdemeanor convictions and adjudications that occurred prior to the date of sentencing, including out-of-state convictions and adjudications. See K.S.A. 2018 Supp. 21-6810(a). An out-of-state conviction will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. K.S.A. 2018 Supp. 21-6811(e)(2). But in deciding whether to classify an out-of-state conviction as a person or nonperson offense, the district court refers to "comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed." K.S.A. 2018 Supp. 21-6811(e)(3).

The record reflects Paegle's 2011 Indiana intimidation conviction was a felony. However, the Indiana offense cannot be scored as a person felony offense if Kansas did not have a comparable person felony offense in effect at the time Paegle committed the current crime of conviction in 2014. See K.S.A. 2018 Supp. 21-6811(e)(3); *Wetrich*, 307 Kan. at 557. At the time of Paegle's sentencing, Kansas caselaw construed K.S.A. 2018 Supp. 21-6811(e)(3) to mean:

> "For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. *In other words, the elements of the out-of-state crime must be identical to,*

*or narrower than, the elements of the Kansas crime to which it is being referenced*." (Emphasis added.) 307 Kan. at 562.

Therefore, if any element in Paegle's Indiana intimidation conviction is broader than any element comprising a comparable Kansas person offense, his intimidation conviction must be classified as a nonperson crime. 307 Kan. 552, Syl. ¶ 3.

Paegle argues there is no comparable Kansas felony offense to the Indiana intimidation statute. The State responds criminal threat could be a comparable Kansas offense. However, we cannot tell as the record before us is incomplete.

The PSI report is the only item in the record establishing Paegle's Indiana intimidation conviction as part of his criminal history and it does not indicate under which subsections of Ind. Code § 35-45-2-1 he was convicted. Thus, the record does not contain substantial competent evidence to support the district court's finding Paegle committed an Indiana crime comparable to a Kansas person offense. The various provisions of the Indiana statute encompass too many potentially comparable Kansas offenses for this court to determine whether Paegle's actual Indiana conviction is comparable to any Kansas person offense.

We must remand for the district court to determine what section of the Indiana offense Paegle was convicted of and how his conviction does or does not compare to a Kansas person felony offense in 2014. At resentencing, the State will have the burden to prove Paegle's criminal history score by a preponderance of the evidence. See K.S.A. 2018 Supp. 21-6814.

Affirmed in part, reversed in part, and remanded with directions.