NOT DESIGNATED FOR PUBLICATION

No. 122,691

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN L. WEEKS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed April 23, 2021. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM:  John L. Weeks appeals the denial of his motion to correct an illegal sentence. His sentence is illegal, he argues, because the court scored his 1983 Arkansas rape conviction as a person felony. Scoring person or nonperson out-of-state convictions depends on a comparison of the elements of the out-of-state offense with the elements of the comparable Kansas offenses. Weeks contends that since the elements of the Arkansas rape statute were not identical to or narrower than the elements of the Kansas rape statute,

1

the two crimes are not comparable and therefore his Arkansas conviction was improperly scored.

But Weeks uses a test announced by our Supreme Court in 2018 when it changed the law. That is not the test that should be used to decide this question. Under the law that applied when Weeks' sentences were imposed, courts were to look for the comparable Kansas offense that was the closest approximation to the out-of-state crime. The offense that most closely approximated the Arkansas rape offense is the Kansas rape statute—a person felony. Since rape in Kansas is a person felony, the court properly scored the Arkansas conviction as a person crime when it computed Weeks' criminal history score. We find no scoring error and affirm.

*Weeks' convictions provide a context for our ruling.*

During a five-month span in 1999, Weeks committed three counts of aggravated kidnapping, three counts of rape, and three counts of aggravated criminal sodomy. For these crimes, he received an upward departure 1,856-month prison sentence. On appeal, this court affirmed his convictions but vacated his upward departure sentence and remanded for resentencing. *State v. Weeks*, No. 86,264, unpublished opinion filed June 7, 2002, slip op. at 3, 31 (Kan. App.). In December 2002, the court resentenced Weeks to 534 months' imprisonment. His criminal history score was found to be D based on a 1983 Arkansas rape conviction, which was scored as a person felony. He did not appeal that sentence.

In July 2014 and in March 2015, Weeks moved to correct an illegal sentence based on *State v. Murdock*, 299 Kan. 312, 313, 323 P.3d 846 (2014) (*Murdock I*), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 577 U.S. 1090 (2016). The district court denied his motions finding *Murdock I* did not apply retroactively to his sentence. This court affirmed on appeal. *State v. Weeks*, No. 114,531,

2

2017 WL 839516, at *2 (Kan. App.) (unpublished opinion), *cert. denied* 138 S. Ct. 450 (2017).

Three years later, in 2020, Weeks filed another motion to correct an illegal sentence arguing *Murdock I* and *Murdock II* mandated that his out-of-state conviction be classified as a nonperson felony. See *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019) (*Murdock II*). The district court denied the motion finding both that res judicata precluded Weeks' claim, that *Murdock I* did not apply retroactively, and that Weeks' sentence was a legal sentence when imposed. Weeks appeals that decision.

In this appeal, Weeks contends that res judicata does not apply. He also makes a new argument that there was no single comparable Kansas statute to the Arkansas rape statute because the Arkansas rape statute was broader than the Kansas rape statute by encompassing acts such as sodomy (which were illegal in Kansas under a different statute).

Weeks cites no authority for his contention that courts can only look to one Kansas offense when classifying an out-of-state crime. The statute states courts should look to comparable "offenses." K.S.A. 1999 Supp. 21-4711(e). Both rape and aggravated criminal sodomy in Kansas were classified as person crimes. But it is unnecessary to decide that issue for this appeal.

*How courts score out-of-state offenses has not remained static.*

We begin with some fundamental points of law. An illegal sentence may be corrected at any time while the defendant is serving such sentence. K.S.A. 2020 Supp. 22-3504(a). Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which we have unlimited review. *State v. Sartin*, 310 Kan. 367, 369-70, 446 P.3d 1068 (2019).

3

The *Murdock I* court held that out-of-state convictions committed before 1993 had to be classified as nonperson offenses. 299 Kan. at 319. That decision was quickly overruled by *Keel*. 302 Kan. at 589. *Murdock I* was controlling law only "for a short window of time." *Murdock II*, 309 Kan. at 593; *State v. Adams*, 58 Kan. App. 2d 933, 944, 476 P.3d 796 (2020). After that, the *Murdock II* court held that the legality of a sentence is controlled by the law in effect when the sentence was pronounced. 309 Kan. at 591. We note that Weeks was sentenced in 2002 for crimes in 1999.

Applicable here is K.S.A. 1999 Supp. 21-4711(e). To calculate an offender's criminal history, out-of-state convictions should be scored as person or nonperson offenses based on "comparable" Kansas offenses:

> "Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime." K.S.A. 1999 Supp. 21-4711(e).

Weeks' argument presumes that "comparable" means the elements of the out-of-state crime must be identical to or narrower than the elements of a Kansas crime. But that was not the law in Kansas until our Supreme Court decided *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018). *Wetrich* was a change in the law. *State v. Weber*, 309 Kan. 1203, 1209, 442 P.3d 1044 (2019).

Before *Wetrich*, Kansas courts held that the comparable Kansas offense was the "closest approximation" to the out-of-state crime. Under this test, the offenses "need only be comparable, not identical." *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925

4

(2003), *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). The *Vandervort* court cited an earlier decision by this court that held the court must look to the "most comparable" Kansas offense to determine whether a conviction is classified as a person or nonperson crime. 276 Kan. at 179 (citing *State v. Hernandez*, 24 Kan. App. 2d 285, 287, 944 P.2d 188 [1997]). The closest approximation test was the applicable law when Weeks committed his crimes and was sentenced. See *Sartin*, 310 Kan. at 372. The question is whether the gravamen of the out-of-state crime closely approximates a Kansas crime. *Sartin*, 310 Kan. at 374.

*We compare two rape statutes.*

The Arkansas rape statute in effect at the time of Weeks' 1983 Arkansas conviction has these elements:

> "(1) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:
> (a) by forcible compulsion; or
> (b) who is incapable of consent because he is physically helpless; or
> (c) who is less than (11) years old.
> "(2) Rape is a class Y felony." Ark. Stat. Ann. § 41-1803 (Repl. 1977).

"Deviate sexual activity" included "[t]he penetration, however slight, of the vagina or anus of one person by any body member or foreign instrument manipulated by another person." Ark. Stat. Ann. § 41-1801(1)(b) (Repl. 1977).

When Weeks committed these crimes in Kansas, the Kansas rape statute provided:

> "(a) Rape is: (1) Sexual intercourse with a person who does not consent to the sexual intercourse, under any of the following circumstances:

5

(A) When the victim is overcome by force or fear;

(B) when the victim is unconscious or physically powerless; or

(C) when the victim is incapable of giving consent because of mental deficiency or disease, or when the victim is incapable of giving consent because of the effect of any alcoholic liquor, narcotic, drug or other substance, which condition was known by the offender or was reasonably apparent to the offender;

(2) sexual intercourse with a child who is under 14 years of age;

(3) sexual intercourse with a victim when the victim's consent was obtained through a knowing misrepresentation made by the offender that the sexual intercourse was a medically or therapeutically necessary procedure; or

(4) sexual intercourse with a victim when the victim's consent was obtained through a knowing misrepresentation made by the offender that the sexual intercourse was a legally required procedure within the scope of the offender's authority." K.S.A. 1999 Supp. 21-3502.

"Sexual intercourse" meant "any penetration of the female sex organ by a finger, the male sex organ or any object. Any penetration, however slight, is sufficient to constitute sexual intercourse." K.S.A. 1999 Supp. 21-3501(1).

Rape was designated as a person felony. K.S.A. 1999 Supp. 21-3502(c). Aggravated criminal sodomy was also a person felony in Kansas. K.S.A. 1999 Supp. 21-3506. "Sodomy" meant "oral contact or oral penetration of the female genitalia or oral contact of the male genitalia; anal penetration, however slight, of a male or female by any body part or object; or oral or anal copulation or sexual intercourse between a person and an animal." K.S.A. 1999 Supp. 21-3501(2).

According to the directions given in *Sartin*, we are to look at the gravamen of each statute. The gravamen, or essence, of the Arkansas rape statute closely approximates the Kansas rape statute. It is true that the statutes are not identical, but that was not required when Weeks was sentenced. The Kansas rape offense was the most comparable offense.

6

For that reason, his 1983 Arkansas rape conviction was properly classified as a person crime. We need not consider the res judicata issue raised in the appeal.

We hold there is no sentencing error here.

Affirmed.