NOT DESIGNATED FOR PUBLICATION

No. 123,389

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERRY L. STARK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed August 20, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before WARNER, P.J., CLINE, J., and WALKER, S.J.

PER CURIAM: Jerry L. Stark appeals the district court's decision to summarily dismiss his motion to correct an illegal sentence. He asserts the district court erred when it concluded that he was not entitled to relief.

We granted Stark's motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State responded and agreed that summary disposition was appropriate under the facts of the case. After reviewing the record on appeal and finding no error, we affirm the district court's decision.

1

In October 2000, a jury found Stark guilty of one count of aggravated indecent liberties, a severity level 3 person felony. Previously, in 1982, Stark had been convicted of three counts of sexual battery and one count of lewd, lascivious, or indecent assault upon or in the presence of a child in Florida. All these convictions were scored as person felonies for criminal history purposes, with one of the sexual battery counts used to designate Stark as a persistent sex offender. As a result, Stark had a criminal history score of A.

Prior to sentencing, Stark filed a motion for a departure. In the motion he argued that the prior Florida convictions stemmed from old cases, and the time difference between those old cases and his 2000 case could constitute a substantial and compelling reason for a departure. Stark also argued the circumstances of the previous offenses differed greatly from the circumstances of his 2000 case. Based on his arguments, he asked the district court, in the alternative, to either grant him a dispositional or durational departure.

The district court subsequently denied Stark's motion and sentenced him to 494 months' imprisonment. Though the aggravated number in the 3-A sentencing grid box was 247 months, the district court doubled Stark's sentence because it found that he was a persistent sex offender pursuant to K.S.A. 21-4704(j) (currently codified at K.S.A. 2020 Supp. 21-6804[j]).

Stark appealed his conviction and sentence, arguing only that the district court abused its discretion when it admitted evidence of his prior Florida crimes. Ultimately, a panel of our court affirmed Stark's conviction. *State v. Stark*, No. 86,389, unpublished opinion filed March 8, 2002 (Kan. App.). The clerk issued the mandate in June 2002.

In June 2014, Stark filed a pro se motion to correct an illegal sentence, arguing that his sentence was illegal based on our Supreme Court's ruling in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015) (*Murdock I*). Based on *Murdock I*, Stark believed his out-of-state convictions should have been scored as nonperson felonies, meaning the district court incorrectly scored his criminal history. The motion was set for hearing in July. However, it is not clear from the record whether a hearing occurred.

In December 2014, Stark filed another motion to correct an illegal sentence. Again, he argued that the district court should have scored his prior Florida convictions as nonperson felonies based on *Murdock I*. The district court denied Stark relief, concluding that "[t]he issues in the defense motion(s) have been waived and are an attempt at a collateral attack and therefore [*Murdock I*] will not be retroactively applied."

On appeal, a panel of our court affirmed the district court's denial of relief because *Murdock* had been overruled by *Keel*, meaning the district court did not err when it classified his prior Florida convictions as person felonies for criminal history purposes. *State v. Stark*, No. 113,583, 2015 WL 7436045, at *1 (Kan. App. 2015) (unpublished opinion). The clerk issued the mandate in June 2017.

In 2019, Stark filed a K.S.A. 60-1507 motion to correct an illegal sentence. Stark again argued that the district court should have classified his prior Florida convictions as nonperson felonies. In support, he cited *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019) (*Murdock II*), and argued that his case was the same as *Murdock II*. Thus, he believed his prior Florida convictions should be reclassified as nonperson crimes. *Stark v. State*, No. 122,191, 2020 WL 5739746, at *2 (Kan. App. 2020) (unpublished opinion), *rev. denied* August 10, 2021. The district court summarily denied Stark's motion, and our court affirmed the district court's decision. 2020 WL 5739746, at *2-4.

In March 2020, Stark filed "Defendant's Memorandum of Law in Support of his Motion to Correct Illegal Sentence," which is the matter currently at issue before us. Stark contends that his sentence was illegal because it does not comply with K.S.A. 21-4720(b)(4) (currently codified at K.S.A. 2020 Supp. 21-6819[b][4]), also known as the "double rule." Stark argued that his sentence exceeded twice the base sentence of 247 months' imprisonment, which he received for his primary crime of aggravated indecent liberties. The district court later denied Stark's motion, concluding that (1) Stark's sentence did not exceed twice his base sentence and (2) K.S.A. 21-4720(b) did not apply to Stark's case because he was convicted and sentenced on only one count, not multiple counts.

The district court later permitted Stark to file a notice of appeal out of time.

ANALYSIS

On appeal, Stark maintains that his sentence is illegal because it violates K.S.A. 2020 Supp. 21-6819(b)(4), which prohibits a district court from imposing more than twice the base sentence in multiple conviction cases. Thus, he believes the district court erred when it denied him relief.

Our statutes define an illegal sentence as a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2020 Supp. 22-3504(c)(1). Whether a sentence is illegal within the meaning of the statute is a question of law over which the appellate court has unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019).

K.S.A. 2020 Supp. 21-6819(b)(4) states:

"The total prison sentence imposed in a case involving multiple convictions arising from multiple counts within an information, complaint or indictment cannot exceed twice the base sentence. This limit shall apply only to the total sentence, and it shall not be necessary to reduce the duration of any of the nonbase sentences imposed to be served consecutively to the base sentence. The postrelease supervision term will reflect only the longest such term assigned to any of the crimes for which consecutive sentences are imposed. Supervision periods shall not be aggregated."

During trial, the State charged Stark with three counts of aggravated indecent liberties. However, the jury only found Stark guilty of a single count of aggravated indecent liberties. Thus, Stark's case did not involve multiple convictions, and the constraints in K.S.A. 2020 Supp. 21-6819(b)(4) did not apply. Likewise, Stark's 494-month prison sentence did not exceed twice his presumptive sentence of 247 months' imprisonment—it was exactly double the duration of that presumptive sentence.

Moreover, the district court doubled the duration of Stark's term of imprisonment because the statutes demanded such a result. K.S.A. 2020 Supp. 21-6804(j)(1) states, in part: "The sentence for any persistent sex offender whose current convicted crime carries a presumptive term of imprisonment shall be double the maximum duration of the presumptive imprisonment term." Based on the sentencing grid, Stark's severity level 3 conviction for aggravated indecent liberties, paired with his A criminal history score, carried a presumptive sentence of 247, 233, or 221 months' imprisonment in the high, mid, and low sentencing ranges, respectively. See K.S.A. 2020 Supp. 21-6804(a).

Once doubled under the persistent sex violator statute, Stark's presumptive sentence became either 494, 466, or 442 months' imprisonment in the presumptive sentencing range depending on whether the district court imposed the high, mid, or low

5

sentence. The district court imposed the high sentence of 494 months' imprisonment and followed the correct statutory procedure when doing so.

Accordingly, based upon the district court's proper application of these statutes, Stark is precluded from relief because his sentence did not exceed double his base sentence and the limitation on doubling for multiple consecutive convictions under K.S.A. 2020 Supp. 21-6819(b)(4) simply does not apply to his case. Based on the record before us, we conclude the district court did not err when it denied Stark's motion.

Affirmed.