NOT DESIGNATED FOR PUBLICATION

No. 123,768

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEVANTE OLIVER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed February 4, 2022. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before CLINE, P.J., GREEN, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: This is Jevante Oliver's direct appeal of his sentence in case No. 19CR1914. Oliver challenges the inclusion of his criminal threat conviction in case No. 13CR2196 in the calculation of his criminal history score when sentencing him in his current case. He contends that K.S.A. 2020 Supp. 21-6810(d)(9)'s plain language and our Supreme Court's holding in *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019), *cert. denied* 140 S. Ct. 1956 (2020), barred the district court from using his prior criminal threat conviction to calculate his criminal history score. Thus, according to Oliver, the sentence imposed by the district court was illegal. We are unpersuaded by this argument and affirm.

1

Before the present case arose, Oliver had been convicted of two drug crimes for which he was granted probation. That case, Case No. 18CR2402, is the subject of another appeal that we are also considering today.

Several months after Oliver's conviction in 18CR2402, the State moved to revoke Oliver's probation based on new crimes he was alleged to have committed in violation of the terms of his probation. Oliver admitted the probation violation at the hearing on the State's motion. With respect to Oliver's new crimes, he entered into a plea agreement with the State that resulted in him pleading guilty to one reduced charge and the rest were dismissed. The sentence imposed for that new conviction is the subject of Oliver's current appeal.

Central to the current appeal is our Supreme Court's holding in *Boettger*. In that case our Supreme Court held that the portion of our criminal threat statute, K.S.A. 2018 Supp. 21-5415, which criminalized the making of a threat of violence in reckless disregard of the risk of causing fear, is "unconstitutionally overbroad because it punishes conduct that may be constitutionally protected under some circumstances." 310 Kan. 800, Syl. ¶ 3. (The remaining provision of the statute, K.S.A. 2018 Supp. 21-5415[a][1], which criminalized intentional criminal threats, remains intact.) K.S.A. 2020 Supp. 21-6810(d)(9) prohibits a district court from using a defendant's prior conviction for purposes of calculating a criminal history score if an appellate court has determined that the law the defendant violated is unconstitutional.

Based on the holding in *Boettger*, Oliver moved the court to disregard his criminal threat conviction in 13CR2196 in calculating his criminal history score when it came to sentencing him in his current case, 19CR1914. He contended that his criminal conduct in the criminal threat case was reckless rather than intentional. He argued that to include this

prior conviction in his criminal history would improperly change his criminal history score from E to C, resulting in an illegal sentence.

The State conceded that it had charged Oliver with both intentional and reckless conduct in the prior criminal threat case. But it asserted that the colloquy between Oliver and the court regarding the factual basis for Oliver's conviction established that Oliver's criminal threat was intentional rather than reckless, and that only the portion of the statute dealing with reckless conduct was found in *Boettger* to be unconstitutional. The State relied on the following exchange that took place at the time of Oliver's plea in the criminal threat case.

> "THE COURT: Now, in relation to that amended charge of criminal threat, Mr. Oliver, how do you plead to that?
> "THE DEFENDANT: Guilty.
> "THE COURT: Are you pleading guilty to that amended charge because you are guilty?
> "THE DEFENDANT: Yes, sir.
> "THE COURT: Okay. What I would like for you to do, Mr. Oliver, is tell me in your own words what you did on or about July 17th of last year here in Sedgwick County, Kansas, that makes you think you are guilty of criminal threat. First of all, did this involve a person by the name of Bishop L. Howard?
> "THE DEFENDANT: Yes, sir.
> . . . .
> "THE COURT: . . . Did you do any communications with him or make any threats to him—
> "THE DEFENDANT: Yes, sir.
> "THE COURT: — to commit violence? Okay. What exactly was that?
> "THE DEFENDANT: I threatened to hurt him. We had got into an altercation. I was—
> "THE COURT: Okay. Did you threaten to kill him or hurt him or shoot him or anything like that?

"THE DEFENDANT: No, sir.

"THE COURT: Okay.

"THE DEFENDANT: Just threatened to hit him.

"THE COURT: Okay. Threated to commit violence against him?

"THE DEFENDANT: Yes, sir.

"THE COURT: *And when you threatened to commit violence against him or to hit him, as you stated, did you do it with the intent to put him in fear?*

"THE DEFENDANT: *Yes, sir.*

"THE COURT: State satisfied with the factual basis?

"[THE STATE]: Yes, sir.

"THE COURT: The Court will find that the defendant knowingly, intelligently, voluntarily waived his rights, including his right to a jury trial. Furthermore, *based on his plea of guilty, his factual basis that he told me and his responses to the questions*, I will find and adjudge him guilty of criminal threat, a severity level nine person felony as alleged in the Amended Information." (Emphases added.)

Based on this colloquy the district court rejected Oliver's challenge to his criminal history. The court sentenced Oliver to 19 months in prison but granted him 18 months' probation followed by 12 months of postrelease supervision.

Oliver appeals.

ANALYSIS

Oliver's basic contention is that the district court improperly included in his criminal history his earlier criminal threat conviction. Under K.S.A. 2020 Supp. 21-6810(d)(9), "[p]rior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes." Here, the issue is whether Oliver had been convicted of reckless criminal threat under that portion of K.S.A. 2018 Supp. 21-5415, which has been declared unconstitutional by our Supreme Court in *Boettger*. If so, Oliver contends that

4

the inclusion of this criminal threat conviction in his criminal history rendered illegal the sentence imposed in 19CR1914. Whether a sentence is illegal is a question of law over which we exercise de novo review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019).

As noted earlier, our Supreme Court held in *Boettger* that the provision in K.S.A. 2018 Supp. 21-5415(a)(1), which criminalized a threat of violence made in reckless disregard of the risk of causing fear, is unconstitutional. The remaining provision of K.S.A. 2018 Supp. 21-5415(a)(1), which criminalized intentional criminal threats, remained intact. *Boettger* provides relief for Oliver only if the district court erred in concluding that Oliver's criminal threat conviction was for intentional rather than reckless conduct.

*The Modified Categorical Approach*

The district court used the modified categorical approach described in *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), in order to determine the nature of Oliver's criminal threat conviction. Oliver contends that the plea colloquy in Oliver's criminal threat case did not definitively establish that he committed an intentional criminal threat. He contends that his statements to the court at his plea hearing could fall within the rubric of a reckless criminal threat or could merely be indicative of reckless, impulsive bluster rather than an intentional threat. We will address those two contentions shortly.

Courts generally calculate a defendant's criminal history by looking at the statutory elements of the defendant's prior convictions. But in *Descamps*, the United States Supreme Court recognized a "modified categorical approach" that allowed the sentencing court to look beyond the statutory elements of the prior conviction when that prior conviction "comprises multiple, alternative versions of the crime" and "a later

sentencing court cannot tell, without reviewing something more, if the defendant's conviction" arose under any particular alternative. 570 U.S. at 261-62. In such cases, courts may "examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." 570 U.S. at 262. That "'limited class of documents'" includes "'transcripts of plea colloquies.'" *State v. Obregon*, 309 Kan. 1267, 1274, 444 P.3d 331 (2019) (quoting *Johnson v. United States*, 559 U.S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 [2010]).

Oliver had been charged with both of the statutory alternatives for criminal threat under K.S.A. 2013 Supp. 21-5415(a)(1), which provided:

"(a) A criminal threat is any threat to:
(1) Commit violence communicated *with intent to place another in fear*, or to cause the evacuation, lock down or disruption in regular, ongoing activities of any building, place of assembly or facility of transportation, *or in reckless disregard of the risk of causing such fear* or evacuation, lock down or disruption in regular, ongoing activities." (Emphases added.)

This broad charge under K.S.A. 2013 Supp. 21-5415(a)(1) did not shed light on which type of criminal threat Oliver engaged in. But the plea colloquy we have already recounted does. In responding to the district court's questions, Oliver explicitly stated that he intended to place Howard in fear by threatening violence without ever mentioning or characterizing his conduct as being reckless or bluster. The district court accepted Oliver's guilty plea "based on his plea of guilty, his factual basis that he told me and his responses to the questions." The only evidence before the court to support Oliver's conviction for criminal threat was that Oliver acted intentionally, not recklessly. The district court properly applied the modified categorical approach in arriving at the conclusion that Oliver's prior criminal threat conviction was for intentional—not reckless—conduct. The district court's application of the modified categorical approach

was in conformity with *Johnson*; *Obregon*, 309 Kan. at 1274, and *State v. Dickey*, 301 Kan. 1018, 1038, 350 P.3d 1054 (2015).

*"Trash Talk" vs. an Intentional Threat*

That portion of K.S.A 2013 Supp. 21-5415(a)(1), which criminalizes a threat of violence made with the intent to place another in fear, is not affected by the holding in *Boettger*. So Oliver advances the argument that his threat to Howard "could be viewed as just trash talk during an argument, as opposed to an intentional threat." To support this argument, he compares his case to *State v. Lindemuth*, 312 Kan. 12, 470 P.3d 1279 (2020), and *State v. Cardillo*, No. 120,606, 2021 WL 1149145 (Kan. App. 2021) (unpublished opinion).

Neither *Lindemuth* nor *Cardillo* applies. Both involved jury trials in which the relevant issue was whether the evidence supported a reckless or an intentional criminal threat. In *Lindemuth*, our Supreme Court determined that the defendant's threats may have been impulsive bluster rather than an intentional threat. 312 Kan. at 18. A similar finding was made in *Cardillo*. 2012 WL 1149145, at *5. But in Oliver's criminal threat case there was no trial. Oliver pled guilty and admitted to the court that he intentionally threatened the victim with violence in order to put him in fear. There is a complete lack of any evidence in the plea hearing transcript that Oliver recklessly threatened Howard. By Oliver's own admissions to the court, his threat was intentional and not merely trash talk. Oliver's argument does not successfully place him in the safe harbor of the holding in *Boettger*.

*Proof of Reckless Conduct by Proving Intentional Conduct*

Oliver also contends that under K.S.A. 2020 Supp. 21-5202(c), proof that a defendant acted intentionally also constitutes proof that a defendant acted recklessly.

7

K.S.A. 2020 Supp. 21-5202(c) provides: "Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged. If recklessness suffices to establish an element, that element also is established if a person acts . . . intentionally." Such an outcome flies in the face of *Boettger*, which only found unconstitutional a conviction based on reckless conduct and left intact a conviction based on intentional conduct. Oliver's contention would result in every criminal threat—whether intentional or reckless—being declared unconstitutional under *Boettger*.

Besides, we fail to see how this advances Oliver's cause. If Oliver's admission to the court that he acted intentionally also establishes that he acted recklessly, the holding in *Boettger* would have disposed of the reckless conduct, but that would not have saved Oliver because the admission that he acted intentionally would remain unaffected by the holding in *Boettger*.

*Conclusion*

In resolving the question whether Oliver's conduct in his prior criminal threat case was intentional or reckless, the district court properly applied the modified categorical approach described in *Descamps* by examining the plea colloquy in which Oliver unequivocally stated that he intentionally threatened Harris with violence in order to place him in fear. Moreover, no reasonable reading of the record could result in the conclusion that Oliver's conduct was reckless rather than intentional. As a result, Oliver's criminal threat conviction was unaffected by our Supreme Court's holding in *Boettger* that rendered convictions based on recklessness unconstitutional. Thus, we find no error in the district court including Oliver's criminal threat conviction in his criminal history score in sentencing Oliver in 19CR1914.

Affirmed.