IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,423

STATE OF KANSAS,
*Appellee,*

v.

ROY EUGENE SAMUEL,
*Appellant.*

SYLLABUS BY THE COURT

A claim that a criminal sentence is illegal because it violates the United States Constitution cannot be brought under K.S.A. 22-3504(1).

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed January 11, 2019. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, argued the cause, and *Corrine E. Gunning*, of the same office, was on the brief for appellant.

*Ethan Zipf-Sigler*, assistant district attorney, argued the cause, and *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Roughly 19 years after his second-degree murder conviction, Roy Eugene Samuel filed a motion to correct an illegal sentence. He claims his sentence of life imprisonment with a mandatory 10-year term violates the Eighth Amendment to the United States Constitution because he was only 16 years old when he committed the crime. The district court summarily denied the motion. Samuel directly appeals to this

1

court. We affirm because the motion is not the appropriate procedural vehicle to raise his claim. See *State v. Amos*, 307 Kan. 147, 148, 406 P.3d 917 (2017) ("This court has repeatedly held a defendant cannot raise constitutional challenges to a sentence via a motion to correct illegal sentence under K.S.A. 22-3504[1].").

FACTUAL AND PROCEDURAL BACKGROUND

In 1996, Samuel, then 16 years old, killed Patrick Brunner. The State charged him with second-degree murder under K.S.A. 1996 Supp. 21-3402(a), which was an off-grid person felony. After he pled guilty as charged in 1997, the district court sentenced him to life imprisonment with a mandatory 10-year term before being eligible for parole.

In 2016, Samuel moved under K.S.A. 22-3504(1) to correct an illegal sentence based on the United States Supreme Court decisions in *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) (holding mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments), and *Montgomery v. Louisiana*, 577 U.S. __, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016) (holding *Miller* should apply retroactively for purposes of state collateral review of sentence). His motion acknowledged *Miller* was applicable only to "those juvenile offenders who were sentenced to life *without* the possibility of parole" but asked the district court to extend *Miller* to his case, "serving life *with* the possibility of parole." (Emphases added.)

Samuel alternatively argued his sentence is substantively unconstitutional because he will be subject to lifetime supervision when he is paroled, seeking to extend *State v. Dull*, 302 Kan. 32, 351 P.3d 641 (2015) (mandatory lifetime postrelease supervision categorically unconstitutional when imposed on a juvenile convicted of aggravated indecent liberties with a child).

The district court summarily denied the motion. See *Makthepharak v. State*, 298 Kan. 573, 576, 314 P.3d 876 (2013) (when presented with a motion to correct illegal sentence, a district court should conduct an initial examination of the motion to determine if it raises substantial issues of law or fact). The court held the motion to correct an illegal sentence was not a proper vehicle to challenge a sentence as unconstitutional. It alternatively held his sentence was constitutional. In that respect, the court relied on *State v. Warrior*, 303 Kan. 1008, 368 P.3d 1111 (2016) (holding K.S.A. 22-3504 "does not cover a claim that a sentence violates a constitutional provision"), and *State v. Brown*, 300 Kan. 542, Syl. ¶ 8, 331 P.3d 781 (2014) (mandatory hard 20 life sentence imposed on juvenile defendant convicted of felony murder did not violate the Eighth Amendment).

Samuel directly appealed to this court. Jurisdiction is proper. K.S.A. 2017 Supp. 22-3601(b)(3) (direct appeal when "a maximum sentence of life imprisonment has been imposed"); K.S.A. 2017 Supp. 22-3601(b)(4) (direct appeal when "the defendant has been convicted of an off-grid crime"); *Kirtdoll v. State*, 306 Kan. 335, 337, 393 P.3d 1053 (2017) ("A ruling on a motion to correct an illegal sentence, where the sentence imposed for a homicide is imprisonment for life, is directly appealable to this court.").

ANALYSIS

This court must determine whether Samuel's constitutional claim fits within the definition of "illegal sentence." An illegal sentence under K.S.A. 22-3504 may be corrected at any time, but the circumstances under which a sentence is deemed illegal for K.S.A. 22-3504 purposes are "narrowly and specifically defined." *State v. Swafford*, 306 Kan. 537, 540-41, 394 P.3d 1188 (2017). Whether a sentence is illegal within the statutory meaning is a question of law over which appellate courts have unlimited review.

3

*State v. Alford*, 308 Kan. 1336, Syl. ¶ 2, 429 P.3d 197 (2018); *State v. Mitchell*, 284 Kan. 374, 376, 162 P.3d 18 (2007).

Samuel claims the district court was without jurisdiction to impose a sentence that violates the Eighth Amendment. In 2016, when Samuel filed this motion, our caselaw defined "illegal sentence" as follows:

> "'"(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013).' *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015)." *Warrior*, 303 Kan. at 1009-10.

This judicial definition was added to the current version of K.S.A. 2017 Supp. 22-3504(3). See L. 2017, ch. 62, § 9.

Samuel's Eighth Amendment claims do not implicate the sentencing court's jurisdiction. "[J]urisdiction is acquired in a criminal case upon the filing or amendment of a complaint, indictment, or information . . . ." *Trotter v. State*, 288 Kan. 112, 126, 200 P.3d 1236 (2009). And this court has repeatedly held a motion to correct an illegal sentence under the statute cannot raise claims that the sentence violates a constitutional provision. *Amos*, 307 Kan. at 149. Samuel asks us to overrule our long-established caselaw that the Legislature codified verbatim into the statute. We decline to do so.

Affirmed.