IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,564

STATE OF KANSAS,
*Appellee*,

v.

ELTON D. DONAHUE,
*Appellant*.

SYLLABUS BY THE COURT

A claim that a criminal sentence is illegal because it violates the United States Constitution cannot be brought under K.S.A. 22-3504(1).

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed February 8, 2019. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.:  In 1974, Elton Donahue received a life sentence with the possibility of parole because of his convictions for aggravated kidnapping. In 2016, Donahue filed a motion to correct an illegal sentence. He claims his sentence of life imprisonment with a mandatory 15-year term violates the Eighth Amendment to the United States Constitution because he was only 16 years old when he committed the crimes. The district court summarily denied the motion. Donahue directly appeals to this court. We affirm because

1

the motion is not the appropriate procedural vehicle to raise his claim. See *State v. Samuel*, 309 Kan. 155, 157, 432 P.3d 666 (2019) ("[T]his court has repeatedly held a motion to correct an illegal sentence under the statute cannot raise claims that the sentence violates a constitutional provision.").

FACTUAL AND PROCEDURAL BACKGROUND

On July 10, 1973, Donahue, then 16 years old, committed various crimes. The State charged him with multiple counts, including two counts of aggravated kidnapping under K.S.A. 1973 Supp. 21-3421, which was a class A felony. After a jury found him guilty as charged, the district court sentenced him to life imprisonment with a mandatory 15-year term before being eligible for parole for the aggravated kidnapping counts. See K.S.A. 1973 Supp. 21-4501(a) ("Class A, the sentence for which shall be death or imprisonment for life."); K.S.A. 1973 Supp. 22-3717(2) ("Persons confined in institutions shall be eligible for parole after fifteen [15] years if sentenced to life imprisonment.").

In 2016, Donahue moved under K.S.A. 22-3504(1) to correct an illegal sentence based on the United States Supreme Court decisions in *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) (holding mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments), and *Montgomery v. Louisiana*, 577 U.S. __, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016) (holding *Miller* should apply retroactively for purposes of state collateral review of sentence). In his memorandum supporting the motion, Donahue acknowledged *Miller* was applicable only to those juvenile offenders who were sentenced to life without the possibility of parole but asked the district court to extend *Miller* to his case, i.e., serving life with the possibility of parole.

2

The district court summarily denied the motion, reasoning it had no jurisdiction to consider the constitutional claim in a motion to correct illegal sentence under K.S.A. 22-3504(1), and, even if it had jurisdiction, the sentence was not unconstitutional as his sentence was life with the possibility of parole and he was in fact paroled "several times." See *Makthepharak v. State*, 298 Kan. 573, 576, 314 P.3d 876 (2013) (when presented with a motion to correct illegal sentence, a district court should conduct an initial examination of the motion to determine if it raises substantial issues of law or fact).

Donahue directly appealed to this court. Jurisdiction is proper. K.S.A. 2017 Supp. 22-3601(b)(3) (direct appeal when "a maximum sentence of life imprisonment has been imposed"); *Kirtdoll v. State*, 306 Kan. 335, 337, 393 P.3d 1053 (2017) ("A ruling on a motion to correct an illegal sentence, where the sentence imposed . . . is imprisonment for life, is directly appealable to this court.").

ANALYSIS

This court must determine whether Donahue's constitutional claim fits within the definition of "illegal sentence." An illegal sentence under K.S.A. 22-3504 may be corrected at any time, but the circumstances under which a sentence is deemed illegal for K.S.A. 22-3504 purposes are "narrowly and specifically defined." *State v. Swafford*, 306 Kan. 537, 540-41, 394 P.3d 1188 (2017). Whether a sentence is illegal within the statutory meaning is a question of law over which appellate courts have unlimited review. *State v. Alford*, 308 Kan. 1336, Syl. ¶ 2, 429 P.3d 197 (2018); *State v. Mitchell*, 284 Kan. 374, 376, 162 P.3d 18 (2007).

Donahue claims the district court was without jurisdiction to impose a sentence that violates the Eighth Amendment. In 2016, when Donahue filed this motion, our caselaw defined "illegal sentence" as follows:

3

"'"(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013).' *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015)." *State v. Warrior*, 303 Kan. 1008, 1009-10, 368 P.3d 1111 (2016).

This judicial definition was added to the current version of K.S.A. 2017 Supp. 22-3504(3). See L. 2017, ch. 62, § 9.

Donahue's Eighth Amendment claims do not implicate the sentencing court's jurisdiction. See *Samuel*, 309 Kan. at 157 (rejected the Eighth Amendment argument since it did not implicate the district court's jurisdiction). And this court has repeatedly held a motion to correct an illegal sentence under the statute cannot raise claims that the sentence violates a constitutional provision. *Samuel*, 309 Kan. at 157. Donahue asks us to overrule our long-established caselaw that the Legislature codified verbatim into the statute. We decline to do so.

Affirmed.

4