IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,450

STATE OF KANSAS,
*Appellee*,

v.

LESLIE H. ROBERTS, JR.,
*Appellant*.

SYLLABUS BY THE COURT

A merely procedural defect in competency proceedings does not deprive the district court of jurisdiction to sentence a criminal defendant.

Appeal from Anderson District Court; ERIC W. GODDERZ, judge. Opinion filed March 8, 2019. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, was on the brief for appellant.

*Brandon L. Jones*, county attorney, and *Derek Schmidt,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: This is an appeal from summary denial of a motion to correct illegal sentence filed by defendant Leslie H. Roberts, Jr. Roberts now concedes summary denial was appropriate, but he raises a new challenge to his sentence on this appeal, arguing that the handling of his pre-plea competency issue deprived the district court of jurisdiction to sentence him. We reject this new claim and affirm the denial of the motion to correct illegal sentence.

1

## FACTS AND PROCEDURAL BACKGROUND

Roberts was sentenced to a hard 25 life sentence after pleading no contest to rape of a child under the age of 14 in violation of K.S.A. 21-3502(a)(2). This court affirmed Roberts' sentence in *State v. Roberts*, 293 Kan. 1093, 272 P.3d 24 (2012).

Roberts filed a pro se motion to correct illegal sentence years later. He asserted that he had never admitted he was older than 18 or that the victim was under the age of 14 at the time of the crime, undercutting sentence-enhancing elements that had not been submitted to a jury and proved beyond a reasonable doubt. The district court judge dismissed Roberts' motion without appointment of counsel or holding a hearing; the judge determined that the record established Roberts' and the victim's ages at the time of the crime. See *Makthepharak v. State*, 298 Kan. 573, 576, 314 P.3d 876 (2013) (when presented with motion to correct illegal sentence, district court should conduct initial examination of the motion to determine if it raises substantial issues of law or fact).

On this appeal, Roberts concedes the district judge's ruling was correct on the age issue, but he asserts he is nevertheless entitled to relief. Roberts now argues that K.S.A. 22-3302(1) procedures for determining defendant competency were not followed before he entered his plea, depriving the court of jurisdiction to sentence him. See *State v. Samuel*, 309 Kan. 155, 157, 432 P.3d 666 (2019) (sentence pronounced without jurisdiction illegal).

After Roberts' prosecution was launched in early 2010, defense counsel Craig Cole requested a determination of Roberts' competency. Cole stated that he had "serious concerns about [Roberts'] ability to understand the charges and help with his defense." The district judge ordered an evaluation to determine competency.

2

The results of the evaluation were filed with the court in the form of a letter from the psychologist who had performed it. The psychologist determined "that Mr. Roberts is competent to stand trial in that he understands the nature and purpose of the proceedings against him, and has the ability to work with an attorney to make a defense." The psychologist advised, however, that the court should take into consideration some "special concerns" to maintain Roberts' competency throughout the proceedings. Specifically, the psychologist advised that Roberts was "a non-reader and ha[d] a low to borderline intellectual level of functioning."

The court acknowledged the evaluation in open court before moving on to rescheduling of Roberts' preliminary hearing.

"THE COURT: This matter had been set for preliminary hearing. . . . There was an issue regarding competency. There has now been an evaluation conducted by the Southeast Kansas Mental Health Center. Did you receive a copy of that Mr. Cole?

"MR. COLE: I did, Your Honor.

"THE COURT: Is the matter ready to be set for preliminary hearing today?

"MR. COLE: I believe that's correct."

Roberts ultimately waived his preliminary hearing and entered his no contest plea based on an agreement with the State. At the plea hearing, Cole acknowledged the previously expressed concerns over Roberts' lack of reading ability and informed the court that he had gone over the plea agreement "line by line with him." After the district judge was satisfied Roberts understood the consequence of the plea and the rights he was

3

giving up through a colloquy, the judge asked Cole whether he believed his client's plea was freely and voluntarily given.

> "MR. COLE:  I do, Your Honor. He's told me numerous occasions he does not want a jury trial.
>
> "THE COURT:  You don't have any questions regarding his competency any further at this point?
>
> "MR. COLE:  Your Honor, there were some issues and as [a] result of those issues I did file a motion to have his competency determined and I'm not a doctor but uh, it was determined that he was competent and I haven't found evidence that he's incompetent during my representation of him.
>
> "THE COURT:  You think he understood the plea and the tender of the no contest plea that he signed off on?
>
> "MR. COLE:  I believe he understands that, yes, Your Honor."

## DISCUSSION

Whether a sentence is illegal within the meaning of the statute is a question of law over which appellate courts have unlimited review. *Samuel*, 309 Kan. at 157.

Although an illegal sentence may be corrected any time, "the circumstances under which a sentence is deemed illegal for K.S.A. 22-3504 purposes are 'narrowly and specifically defined.'" *Samuel*, 309 Kan. at 157. When Roberts filed his motion in 2016, Kansas caselaw defined "illegal sentence" as

4

"'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.'" *State v. Warrior,* 303 Kan. 1008, 1009-10, 368 P.3d 1111 (2016).

The Legislature has since incorporated this judicial definition of an illegal sentence into the current version of K.S.A. 2017 Supp. 22-3504(3). L. 2017, ch. 62, § 9; see *Samuel,* 309 Kan. at 157.

In *State v. Ford,* 302 Kan. 455, 353 P.3d 1143 (2015), this court addressed the distinction between procedural and substantive competency claims. "A procedural competency claim is based on a district court's alleged failure to hold a competency hearing or an adequate competency hearing." 302 Kan. 455, Syl. ¶ 3. In contrast, a "substantive competency claim is founded on the allegation that an individual was tried and convicted while, in fact, incompetent." 302 Kan. 455, Syl. ¶ 3.

A merely procedural failure to comply with the competency statute, K.S.A. 2017 Supp. 22-3302, is not jurisdictional; thus, "a motion to correct an illegal sentence is foreclosed as a mechanism for correcting a procedural competency claim." 302 Kan. 455, Syl. ¶ 4. That conclusion was based, in part, on the premise—consistently acknowledged by this court—that "the relief available through a motion to correct an illegal sentence is correction of a sentence, not reversal of a conviction." 302 Kan. at 464. As *Ford* stated, "movants seeking to reverse a conviction because of an alleged violation of K.S.A. 2014 Supp. 22-3302 must utilize the procedures in K.S.A. 60-1507 or be subject to summary dismissal." 302 Kan. at 467.

Roberts does not advance a substantive competency claim. He asserts only that the district judge deviated from the procedure outlined in K.S.A. 22-3302. The caselaw he

cites in support of his position that procedural flaws deprive the court of jurisdiction was expressly overruled by *Ford*. See 302 Kan. 455, Syl. ¶ 4; see also *State v. Davis*, 281 Kan. 169, 130 P.3d 69 (2006), *overruled by Ford*, 302 Kan. 455.

Thus a motion to correct illegal sentence is an improper vehicle for Roberts' new challenge. Had his procedural competency claim been raised in district court, summary dismissal also would have been appropriate for that claim.

Further, we note that the existence of even a procedural flaw is far from clear. The competency statute requires that "the proceedings shall be suspended and a hearing conducted to determine the competency of the defendant" if "the judge before whom the case is pending finds that there is reason to believe that the defendant is incompetent to stand trial." K.S.A. 22-3302(1). After Cole questioned Roberts' competency, Roberts insists, the district judge did not conduct the required proceedings.

The record is plain that the district judge ordered an evaluation of Roberts, as provided in K.S.A. 22-3302(3), and that evaluation established that Roberts was competent. Although the judge did not make an explicit competency finding in open court, such a finding was implicit in the exchange with Cole and the parties' continuation to rescheduling of the preliminary hearing. Contrary to Roberts' new claim, the competency issue appears to have been resolved by the district judge after the evaluation was ordered.

CONCLUSION

Roberts' motion to correct illegal sentence is without merit. The district court's summary dismissal of the motion is affirmed.