IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 121,832

STATE OF KANSAS,
*Appellee*,

v.

PHILLIP R. PARKS,
*Appellant.*

SYLLABUS BY THE COURT

1.

Whether a sentence is illegal within the meaning of the statute is a question of law over which appellate courts have unlimited review.

2.

The penalty parameters for any criminal offense are fixed as of the date the offense is committed.

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed December 4, 2020. Affirmed.

*Shannon S. Crane*, of Hutchinson, was on the brief for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.:  Phillip R. Parks appeals a district court's denial of his motion to correct an illegal sentence he claims was improperly imposed on him in 1997 after he pled no contest to first-degree murder for the 1978 killing of his wife. He argues the court misclassified a prior New Mexico conviction for an attempted first-degree murder as a person crime when calculating his criminal history score for the Kansas conviction. Admittedly, the scenario is a bit tricky because his wife's killing occurred in 1978 and the statutory considerations changed over time. We affirm because the sentence imposed conforms to the applicable statutory provisions.

FACTUAL AND PROCEDURAL BACKGROUND

In 1997, Parks pled no contest to the June 1978 first-degree murder of his wife. The district court accepted the plea and found Parks guilty. A presentence investigation report showed Parks had a prior New Mexico conviction for an attempted first-degree murder.

At sentencing, the court noted the first-degree murder would be considered a "nongrid or offgrid" crime "under the new guidelines," and Parks had a criminal history score of D. The court further noted:  "That's under the new guidelines. . . . Under the old, the sentencing procedure that we use today, the possible penalty is life imprisonment." The court sentenced him to life imprisonment and ordered the sentence to run consecutive to the New Mexico sentence he was then serving.

In 2019, Parks filed a pro se motion to correct what he claimed as an illegal sentence. He argued his life sentence should be vacated and replaced with the sentence for a severity level 10 nonperson felony. He claimed when he committed the Kansas murder, in 1978, our law did not distinguish between person and nonperson crimes. In his

2

view, his conviction for this "unclassified felony" should be scored as a nonperson crime for the purpose of determining his criminal history.

The district court summarily denied the motion. It reasoned Parks was sentenced on February 28, 1997, to life in prison for the 1978 first-degree murder, so the sentencing guidelines were not applicable to an "off-grid offense of first degree murder." Parks then filed another pro se pleading arguing his New Mexico conviction should have been treated as a nonperson felony for criminal history purposes. But before the court ruled on the second pleading, Parks filed a notice of appeal from the district court's initial denial of his motion to correct illegal sentence.

Jurisdiction is proper. See K.S.A. 22-3601(b)(3) (direct appeal to Supreme Court from final judgment in case in which life sentence imposed); *Kirtdoll v. State*, 306 Kan. 335, 337, 393 P.3d 1053 (2017).

THE LIFE SENTENCE IMPOSED IS LEGAL

K.S.A. 2019 Supp. 22-3504 provides,

"(a) The court may correct an illegal sentence at any time while the defendant is serving such sentence. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. Unless the motion and the files and records of the case conclusively show that the defendant is entitled to no relief, the defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence.

. . . .

3

"(c) For the purposes of this section:

(1) 'Illegal sentence' means a sentence: Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced."

Whether a sentence is illegal within the meaning of the statute is a question of law over which appellate courts have unlimited review. *State v. Roberts*, 309 Kan. 420, 422, 435 P.3d 1149 (2019).

The penalty parameters for any criminal offense are fixed as of the date the offense is committed. *State v. Keel*, 302 Kan. 560, 582, 357 P.3d 251 (2015). At the time Parks committed the Kansas offense, our statutes provided that first-degree murder was a Class A felony. K.S.A. 1990 Supp. 21-3401. And the penalty for a Class A was life imprisonment. K.S.A. 1990 Supp. 21-4501.

Parks contends the district court erred when it denied his motion to correct an illegal sentence because the court mentioned first-degree murder as an off-grid crime under the sentencing guidelines. He argues, "The sentencing guidelines did not apply because the crime was committed before the guidelines were enacted." In his briefing, Parks claims he should be resentenced "as a level 10 felony because he contends the murder conviction was unclassified."

But Parks' life sentence is not illegal. It conforms to the statutory provision for Class A felonies at the applicable time of conviction. And even if the district court had concluded first-degree murder was an "off-grid" crime under the sentencing guidelines, as Parks argues, his life sentence would still be right for the wrong reason. See K.S.A.

4

2019 Supp. 21-6802(c) ("Except as otherwise provided, the sentencing guidelines . . . shall have no application to crimes committed prior to July 1, 1993."). Appellate courts may affirm a district court as right for the wrong reason "if an alternative basis exists for the district court's ruling." *State v. Smith*, 309 Kan. 977, 986, 441 P.3d 1041 (2019).

Similarly, any argument that his conviction should be sentenced "as a level 10 felony" fails for the same reason. The sentencing guidelines do not apply to his 1978 crime, and the sentence imposed is consistent with the statutory requirements as they existed when he committed the first-degree murder.

Affirmed.