No. 123,140

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AMBER SHEETS,
*Appellant*.

SYLLABUS BY THE COURT

When the district court revokes probation and imposes a prison sentence on a felony defendant under K.S.A. 2020 Supp. 22-3716(c), K.S.A. 2020 Supp. 22-3716(f) prevents the sentencing court from altogether eliminating a postrelease-supervision period.

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed July 16, 2021. Affirmed in part, sentence vacated in part, and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., BRUNS, J., and STEVE LEBEN, Court of Appeals Judge Retired, assigned.

LEBEN, J.: If a statute says that a felon "shall serve a period of postrelease supervision" after completing the prison portion of a sentence, can the term of that postrelease-supervision term be zero? We think not. And because that's the basis of the defendant's legal position in this appeal, we reject it.

With the big picture in mind, let's turn to the details. Those will involve several statutory provisions. For the reader's convenience, and because there haven't been substantive changes of any significance during the time this defendant's case has worked through the criminal-justice system, we cite the current version of those provisions.

Amber Sheets pleaded guilty to one felony, a criminal threat, committed in August 2019. The district court sentenced her to probation with an underlying prison sentence of eight months that would be served if her probation was revoked.

When Sheets first violated her probation, the court gave her a three-day jail sanction. That complied with a statutory provision, K.S.A. 2020 Supp. 22-3716(c)(1)(B), that generally requires a short jail stay as a sanction before the court may consider revoking the probation and sending the defendant to serve the underlying prison sentence.

But Sheets violated her probation again, and this time the court revoked the probation. At this point, the statute allowed the court to do so since she had had a jail sanction. See K.SA. 2020 Supp. 22-3716(c)(1)(C). The same statute also allowed the court to require that she serve "the sentence imposed" previously or "any lesser sentence." K.S.A. 2020 Supp. 22-3716(c)(1)(C). The court elected to impose a lesser sentence of seven months, and the judge announced that from the bench.

What the judge did not do, though, was make any comment from the bench about whether Sheets had to serve a period of postrelease supervision after she completed the seven-month prison sentence. In a written order entered later, the judge imposed a 12-month postrelease-supervision period. That was the same postrelease-supervision period that had been included in the original sentencing order with the earlier eight-month prison sentence.

2

The judge's failure to mention postrelease supervision when announcing the sentence from the bench after revoking probation could be significant. The postrelease-supervision period is part of the sentence. See *State v. Jones*, 293 Kan. 757, 762, 268 P.3d 491 (2012). Usually, whatever sentence is announced from the bench is final and can't be corrected later by the sentencing judge except for minor clerical errors. K.S.A. 2020 Supp. 22-3504(b); *State v. Edwards*, 309 Kan. 830, 835-36, 440 P.3d 557 (2019). But there's an exception to that rule: If the sentence as announced isn't a lawful one because it doesn't comply with the sentencing statutes, then it can be corrected to make it lawful while the defendant is still serving the sentence. See K.S.A. 2020 Supp. 22-3504(a), (c); *State v. Roberts*, 309 Kan. 420, 422, 435 P.3d 1149 (2019). Even then, though, the terms of the sentence must be announced from the bench, not added in a later document. See *State v. McDaniel*, 292 Kan. 443, 445-46, 254 P.3d 534 (2011).

Sheets has appealed to try to eliminate any postrelease supervision. Since the district court didn't announce a postrelease-supervision period from the bench, Sheets argues that the court can't add it later. Whether that's true depends on whether the sentence announced from the bench could lawfully exclude postrelease supervision: if not, the sentence entered was an unlawful one, and the district court has jurisdiction to correct an unlawful sentence. K.S.A. 2020 Supp. 22-3504(a); *Edwards*, 309 Kan. at 835-36.

To determine whether the district court could lawfully sentence Sheets to a seven-month prison term followed by no postrelease supervision, we must consider one more statutory provision. When a felony offender's probation is revoked under subsection (c) of K.S.A. 2020 Supp. 22-3716 (which is the applicable section for most felony offenders), then subsection (f) also applies:

> "(f) For crimes committed on and after July 1, 2013, a felony offender whose
> nonprison sanction is revoked pursuant to subsection (c) or whose underlying prison term

expires while serving a sanction pursuant to subsection (c)(1) shall serve a period of postrelease supervision on the completion of the prison portion of the underlying sentence." K.S.A. 2020 Supp. 22-3716(f).

Sheets committed her felony in 2019 and her probation was revoked under subsection (c), so subsection (f) applies to her. Under it, she "shall serve a period of postrelease supervision upon the completion of the prison portion of the underlying sentence." K.S.A. 2020 Supp. 22-3716(f).

She argues that because subsection (c)(1)(C) gave the district court the ability to impose "any lesser sentence" after it revoked her probation, the court had the ability to reduce the postrelease-supervision period to zero. If there's doubt about that, she urges that we apply the rule of lenity, under which ambiguous statutes are interpreted in favor of the criminal defendant. See *State v. Gales*, 312 Kan. 475, 485, 476 P.3d 412 (2020).

But we don't think a fair reading of subsection (f) allows the district court to altogether eliminate the postrelease-supervision period:

- First, the concept of "a period" generally suggests some length of time. See American Heritage Dictionary 1311 (5th ed. 2011) (defining "period" as "[a]n interval of time"); New Oxford American Dictionary 1303 (3d ed. 2010) (defining "period" as "a length or portion of time").
- Second, the statutory phrase includes "shall serve." "Shall" generally suggests something must happen, and a person wouldn't *serve* any time in postrelease supervision if the time period were zero. See *State v. Rashke*, 289 Kan. 911, 920, 219 P.3d 481 (2009) (noting several cases interpreting "shall" as mandatory); *State v. Bee*, 288 Kan. 733, 739, 207 P.3d 244 (2009) (noting that the court had interpreted "shall" to be mandatory in the context of nonprison sanctions); Scalia & Garner, Reading Law: The Interpretation of Legal Texts § 11 (2012) (noting that "shall" generally is mandatory); American Heritage Dictionary 1601

4

(defining "serve" as "[t]o work through or complete (a period of service: *served four terms in Congress*" or "[t]o be in prison for (a period or term): *served 10 years for armed robbery*"). Even so, we recognize that sometimes "shall" can mean "may" or "should" based on context, and each case must be examined considering the specific statutory language. See *Rashke*, 289 Kan. at 920-22. In context here, though, subsection (f) serves as a limit on the district court's otherwise broad authority—and if subsection (f) is not a mandatory provision, there seems to be no purpose served by it. We do not presume the Legislature adds statutory language unnecessarily. *State v. Sedillos*, 279 Kan. 777, 782, 112 P.3d 854 (2005).

- Third, subsection (f) applies to felonies, but not misdemeanors, suggesting that greater supervision is needed when probation is revoked for a felon. And the provision in subsection (f) applies postrelease supervision even to defendants whose prison sentence expires (because of the total credit for days in custody) while they are serving an initial sanction in the local jail, not serving a state prison sentence. The statutory scheme here strongly suggests that postrelease supervision was intended in the more serious situation—like Sheets' case—when probation is revoked (after an initial jail sanction failed to correct the defendant's behavior) and the defendant is sent to prison. The common situation in both cases is that the defendant is on felony probation and has not complied with the probation terms.

We are to give statutory language its plain and natural meaning. See *State v. Rizal*, 310 Kan. 199, 205-06, 445 P.3d 734 (2019). We cannot read subsection (f) to allow the district court to eliminate altogether a postrelease-supervision term.

Sheets points to our decision in *State v. Jones*, 56 Kan. App. 2d 556, 433 P.3d 193 (2018), to support her argument. It's similar to the facts of her case: the district court revoked Jones' probation, imposed a lesser prison sentence than first ordered, and then made no statement from the bench about postrelease supervision. We concluded that "the district court's silence on the postrelease term at a probation revocation hearing—even if

by mistake—constitutes a lawful lesser sentence that is effective when pronounced from the bench." 56 Kan. App. 2d at 566. And as we've explained here, a lawful sentence announced from the bench can't be modified later.

But there's a key difference between *Jones* and this case. In *Jones*, the defendant was on probation for a crime committed *before* July 1, 2013. So subsection (f), which we've found critical in Sheets' case, did not apply in *Jones*. In *Jones*, then, there was no requirement that the defendant "shall serve a period of postrelease supervision." Postrelease supervision is part of the sentence, so K.S.A. 2020 Supp. 22-3716(b)(3)(B)(iii) allows the court to enter "any lesser sentence." With only those statutory provisions to apply, as we held in *Jones*, the failure to say anything about postrelease supervision effectively eliminated any postrelease-supervision term: without the constraint of subsection (f), the trial court could do so.

There's a reason the current provision in subsection (f) didn't apply to crimes committed, as in *Jones*, before July 1, 2013. Subsection (f) was amended, effective that date, to require a postrelease-supervision term for most felony probation revocations. That's when the present language, requiring a person whose probation is revoked under subsection (c) to "serve a period of postrelease supervision upon the completion of the prison portion of the underlying sentence," was added. See L. 2013, ch. 76, § 5. Before that 2013 amendment, our Supreme Court had held that the authority to impose "any lesser sentence" when revoking probation allowed the sentencing court to shorten the prison sentence, the postrelease-supervision period, or both. *State v. McKnight*, 292 Kan. 776, 782, 257 P.3d 339 (2011).

The *McKnight* court invited the Legislature to add language limiting the sentencing court's authority if some limitation was intended, 292 Kan. at 783, and the Legislature acted on that invitation in 2013. But the amended language in subsection (f)

providing a limitation didn't apply to the probation revocation in *Jones*, so the district court there had the broad authority noted in *McKnight*.

In Sheets' case, though, the amended language in subsection (f) applies, and we find that it unambiguously prevents eliminating postrelease supervision altogether. In this conclusion, we agree with three panels of our court that have addressed the same issue in unpublished opinions. See *State v. Pierce*, No. 122,381, 2021 WL 833999, at *5 (Kan. App.) (unpublished opinion), *rev. denied* 313 Kan. ___ (June 10, 2021); *State v. Lozano*, No. 122,459, 2021 WL 642306, at *5-6 (Kan. App.) (unpublished opinion), *rev. denied* 313 Kan. ___ (June 10, 2021); *State v. Thomas*, No. 122,518, 2020 WL 6930601, at *2 (Kan. App. 2020) (unpublished opinion). While we realize that one earlier unpublished opinion came to a different result, there was no discussion of subsection (f) in it, so we do not find it persuasive on the point at issue here. See *State v. Bishop*, No. 119,961, 2019 WL 6973428, at *5-6 (Kan. App. 2019) (unpublished opinion).

So where does this leave us in Sheets' case? After revoking Sheets' probation, the district court had to include a postrelease-supervision term but did not do so when announcing the sentence from the bench. That made the sentence as announced an illegal one that may be corrected later. But it's not proper simply to add a new part of the sentence that wasn't announced from the bench in a later written order. Meanwhile, Sheets has not challenged in this appeal either the probation revocation or the imposition of a reduced seven-month prison sentence.

We therefore affirm the district court's revocation of Sheets' probation and the imposition of a seven-month prison sentence. We vacate the journal entry of the postrelease-supervision period and remand with directions for the district court to announce in a new sentencing hearing a postrelease-supervision term greater than zero.