NOT DESIGNATED FOR PUBLICATION

No. 127,936

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH RAUL VELA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; RICHARD MARQUEZ, judge. Submitted without oral argument. Opinion filed August 1, 2025. Affirmed and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Jacob T. Gayer*, assistant county attorney, *Susan Richmeier*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: Joseph Vela challenges two aspects of the sentence imposed for his possession-of-methamphetamine conviction. He argues the district court erred by misclassifying a previous out-of-state conviction as a person felony when determining his criminal history, resulting in a longer sentence than Kansas law allowed. He also contends the court erroneously ordered him to pay $686 in restitution to the Finney County Sheriff's Office. After reviewing the record and the parties' arguments, we affirm Vela's sentence but remand for a nunc pro tunc order clarifying that the $686 in question was a permissible court cost, not a restitution award.

1

FACTUAL AND PROCEDURAL BACKGROUND

Vela pleaded guilty to possession of methamphetamine for conduct that occurred in August 2020. In anticipation of Vela's sentencing, the State prepared a presentence-investigation report to summarize Vela's previous convictions and calculate his presumptive sentence under the Kansas Sentencing Guidelines. The report showed that Vela had previously been convicted in Texas of evading arrest, a crime the report classified as a person felony under Kansas law. Based in part on this classification, the report calculated Vela's criminal-history score as B.

Vela objected, arguing that this conviction should have been classified as a nonperson misdemeanor because the Texas statute had no comparable Kansas statute. This dispute remained unresolved, however, because Vela did not appear for sentencing in February 2021, prompting the court to issue a bench warrant. Over the next two years, he was convicted of two new offenses in separate cases.

The district court eventually sentenced Vela in this case in September 2023. At the sentencing hearing, the State moved to amend Vela's criminal-history score to A based on his recent felony convictions. Vela did not object to this amendment. The court determined Vela's criminal-history score was A and, using this score, sentenced Vela to 42 months in prison but suspended this sentence and ordered Vela to serve 24 months of probation.

The court then turned to the question of costs and restitution. After ordering Vela to pay various costs associated with his prosecution, the court asked the State whether it was requesting any restitution. The State responded that the Finney County Sheriff's Office had incurred $686 in costs when transporting Vela to Kansas for the sentencing hearing. The court clarified that its request for restitution was only meant to encompass

2

"victim restitution," and the State acknowledged that it had not filed a restitution request. The court eventually ordered Vela pay $686 "in transportation fees incurred in getting [him] back here for this sentencing hearing."

Despite this exchange at the hearing, the sentencing journal entry told a different tale—stating that Vela was required to pay $686 to the Finney County Sheriff's Office as part of the "Total Restitution" in the case.

Vela's probation was later revoked after he committed new offenses. The court ordered that he serve his underlying 42-month prison sentence. He now appeals, challenging the legality of that sentence.

DISCUSSION

Vela argues that his sentence is legally defective in two ways. He asserts that his Texas conviction for evading arrest should have been classified as a nonperson felony, which would have resulted in a shorter prison sentence. He also argues that we should vacate the district court's order requiring him to pay $686 in restitution to the Finney County Sheriff's Office.

1. *The district court correctly classified Vela's Texas conviction for evading arrest as a person felony.*

Vela first argues that his sentence is illegal because it was based on what he believes was a misclassification of his Texas conviction for evading arrest, resulting in an incorrect criminal-history score and sentencing range. This argument requires us to interpret and apply the Kansas Sentencing Guidelines—matters over which our review is unlimited. *State v. Samuel*, 309 Kan. 155, 157, 432 P.3d 666 (2019); see *State v. Keel*, 302 Kan. 560, 571-72, 357 P.3d 251 (2015).

The Guidelines use a combination of a person's criminal history and the severity level of the crime of conviction to determine the presumptive sentencing range for those crimes. See K.S.A. 21-6805 (providing sentencing grid for drug crimes). A person's criminal history for sentencing purposes generally includes any previous felony and misdemeanor convictions, including convictions from other states. See K.S.A. 21-6810(c), (d); K.S.A. 21-6811(e). These convictions are further classified as "person" or "nonperson" crimes, with person crimes generally resulting in a more severe criminal-history score. See K.S.A. 21-6805.

For over 30 years, Kansas law has defined crimes committed in this state as person or nonperson offenses. But other states do not use this same framework. Thus, courts seeking to classify out-of-state crimes for criminal-history purposes follow two general steps. K.S.A. 21-6811(e)(2)-(3). We first assess whether the crime is a felony or misdemeanor, and then we determine whether Kansas law classifies the out-of-state crime as a person or nonperson offense. K.S.A. 21-6811(e)(2), (3).

Since 2019, Kansas law has classified out-of-state felony convictions as person felonies if any of the circumstances listed in K.S.A. 21-6811(e)(3)(B)(i)-(ii) are present in the elements of the statutes defining those crimes. There is no requirement that the language in the two statutes be identical, only that the out-of-state elements correspond with the nature of the circumstances listed in K.S.A. 21-6811(e)(3)(B)(i)-(ii). *State v. Hasbrouck*, 62 Kan. App. 2d 50, 53-56, 506 P.3d 924, *rev. denied* 316 Kan. 761 (2022); see *State v. Baker*, 58 Kan. App. 2d 735, 745-46, 475 P.3d 24 (2020), *rev. denied* 312 Kan. 893 (2021).

Two of the circumstances listed in K.S.A. 21-6811(e)(3)(B)(i)-(ii) are relevant to our discussion here. Those require an out-of-state felony offense to be classified as a person crime if

4

- the out-of-state offense requires "the presence of a person, other than the defendant, a charged accomplice or another person with whom the defendant is engaged in the sale, distribution or transfer of a controlled substance or non-controlled substance" (K.S.A. 21-6811[e][3][B][i][d]); or

- the elements of the out-of-state offense "necessarily prove that a person [other than the defendant, a charged accomplice, or a person that is engaged in a drug transaction with the defendant] was present during the commission of the offense." (K.S.A. 21-6811[e][3][B][ii]).

The Texas statute that gave rise to Vela's earlier 2019 evading-arrest conviction prohibited "flee[ing] from a person [the defendant] knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him." Tex. Penal Code Ann. § 38.04(a). We find the district court was right to classify this offense as a person felony because the elements of the Texas statute required the presence of a law enforcement officer. That is, when a defendant is "flee[ing]" from an officer who is trying to arrest or detain him, that officer's presence is necessarily required by the plain text of the statute. Tex. Penal Code Ann. § 38.04(a); see also *State v. Shaffer*, No. 125,452, 2023 WL 5163294, at *2 (Kan. App. 2023) (unpublished opinion), *rev. denied* 318 Kan. 1089 (2024). Indeed, Vela acknowledges that "fleeing" means that the defendant "is literally trying to get *out of any officers' presence*." (Emphasis added.)

Despite this acknowledgement, Vela claims that there could be scenarios when a person might be evading arrest in Texas without an officer being present. For example, he argues that he could have been convicted of evading arrest if he lived alone in the country and came home to read a note from law enforcement warning of an impending arrest, which caused him to flee to another remote home without ever encountering those officers.

5

We are not convinced that these circumstances would necessarily constitute evading arrest in Texas. But on a more fundamental level, when determining whether an out-of-state felony conviction should be classified as a person felony, Kansas courts focus solely on whether the out-of-state statute defining the offense *contains an element* that corresponds with one of the circumstances listed in K.S.A. 21-6811(e)(3)(B)(i)-(ii). We do not ask whether there are hypothetical scenarios in which a person could be convicted under the out-of-state statute without having triggered any of those circumstances.

In 2019, the Texas evading-arrest statute contained at least one element that corresponded with the circumstances listed in K.S.A. 21-6811(e)(3)(B)(i)-(ii). Thus, the district court correctly classified Vela's 2019 evading-arrest conviction as a person felony for purposes of determining his criminal-history score and sentence.

2. *The district court did not err in ordering Vela to pay $686 to the Finney County Sheriff's Office—although we remand for a nunc pro tunc order correcting the journal entry to reflect the $686 as a recoverable cost, not restitution.*

Vela next argues that the district court imposed an illegal sentence by ordering him to pay $686 in restitution to the Finney County Sheriff's Office. A sentence is illegal if it does not conform to the applicable statutory provisions, either in character or punishment. K.S.A. 22-3504(c)(1). A person's sentence includes any order to pay restitution for their crime. K.S.A. 21-6604(b)(1).

At the most basic level, restitution orders seek to compensate "damage or loss caused by the defendant's crime." K.S.A. 21-6604(b)(1). The State concedes that the Finney County Sheriff's Office was not entitled to restitution because it was not a victim of Vela's crime. The State argues, however, that the district court never ordered the transportation expenses as *restitution* during the sentencing hearing.

6

The State points out the sheriff's office incurred $686 in expenses when it transported Vela from a different state so he could attend the sentencing hearing. It argues that the court's order requiring payment of "transportation fees" to the sheriff's office was an assessment of *court costs*, not restitution. The State acknowledges that the sentencing journal entry thus incorrectly labeled these costs as restitution, but it notes that the court's order from the bench, not the journal entry, defines Vela's sentence.

We agree. "'A sentence is effective when pronounced from the bench.'" *State v. Weekes*, 308 Kan. 1245, 1249, 427 P.3d 861 (2018). For this reason, the judge's oral pronouncement of sentence controls over a record of that sentence contained in a journal entry. *State v. Edwards*, 309 Kan. 830, 835-36, 440 P.3d 557 (2019). A notation in a journal entry that does not accurately reflect the sentence pronounced in open court is treated as a clerical error and may be corrected at any time. 309 Kan. at 835-36.

K.S.A. 22-3801(a) places the liability for various costs associated with the prosecution of a criminal case on the defendant if they are convicted. Among these costs are "[t]he expenses which may accrue under K.S.A. 22-2723," which, in turn, authorizes extradition of suspects from other states for prosecution. K.S.A. 22-2724. Under that provision, transportation expenses are "treated as costs of the criminal proceedings and shall be taxed and paid as provided in K.S.A. 22-3801 *et seq*." K.S.A. 22-2724.

At sentencing, the district ordered Vela to pay the $686 incurred by the sheriff's office as a court cost, informing him that he was "responsible for the payment of $686 in transportation fees incurred in getting you back here for this sentencing hearing." Although the State at the sentencing hearing appeared to conflate these transportation fees with restitution, the district court did not. Thus, we find the $686 was properly imposed as a court cost under K.S.A. 22-2723 and K.S.A. 22-3801(a).

7

The different notation in the journal entry was merely a clerical error. Because the oral pronouncement at sentencing controls, we remand the case for the district court to issue a nunc pro tunc order correcting the journal entry to reflect the $686 as a court cost.

Affirmed and remanded with directions.