NOT DESIGNATED FOR PUBLICATION

No. 127,046

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRYANT ARROYO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID DAHL, judge. Submitted without oral argument. Opinion filed December 12, 2025. Sentence vacated and remanded with directions.

*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and PICKERING, JJ.

PER CURIAM: In July 2023, Bryant Arroyo pleaded guilty to felony burglary and misdemeanor theft. The district court sentenced Arroyo to a controlling sentence of 25 months in prison based in part on a criminal-history score that included a previous conviction for criminal threat.

Arroyo now appeals his sentence. He argues the district court should not have considered the criminal-threat conviction as part of his criminal history because the Kansas Supreme Court has found that crime unconstitutionally overbroad, as it includes

1

threats made recklessly. He also argues that the State did not meet its burden to show the conviction was based on intentional (and not reckless) conduct. We agree on both points. We thus vacate Arroyo's sentence and remand for resentencing consistent with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

Arroyo pleaded guilty to one count of burglary, a level 7 nonperson felony, and one count of theft, a class A nonperson misdemeanor. His presentence investigation report indicated that Arroyo's criminal-history score was G—a lower score than the parties anticipated. The report did not include Arroyo's 2011 felony conviction for criminal threat, as the Kansas Supreme Court had ruled in *State v. Boettger*, 310 Kan. 800, Syl. ¶ 3, 450 P.3d 805 (2019), that the statute giving rise to that conviction was "unconstitutionally overbroad because it punishes conduct that may be constitutionally protected under some circumstances."

At sentencing, the State urged the district court to include Arroyo's criminal-threat conviction in the criminal-history calculation. It argued that the United States Supreme Court had effectively reversed the Kansas Supreme Court's decision in *Boettger* in *Counterman v. Colorado*, 600 U.S. 66, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023), and thus eliminated the previous concern with including criminal-threat convictions. Arroyo objected to the State's proposed change to the criminal-history score.

The district court agreed with the State that Arroyo's criminal-history score should be recalculated to include the 2011 criminal-threat conviction as a person felony, raising the score to C. Using this updated criminal history, the court imposed sentences of 25 months in prison for the burglary conviction and 12 months in jail for the theft conviction, to be served concurrently. The court then granted a dispositional departure and ordered Arroyo to serve 18 months' probation.

2

Arroyo appeals his sentence. While the appeal has been pending, the court revoked Arroyo's probation and ordered him to serve his original sentence.

## DISCUSSION

On appeal, Arroyo again challenges the district court's inclusion of his previous criminal-threat conviction in his criminal history at sentencing. He argues that K.S.A. 21-6810(d)(9) directed that the conviction cannot be considered as part of his criminal history unless the State proved that that conviction was based on intentional—and not reckless—conduct. Because the State offered no evidence beyond the presentence investigation report regarding Arroyo's conviction (but rather relied on the assertion that *Boettger* had been superseded), he argues that his sentence must be vacated. These arguments require us to interpret and apply the Kansas Sentencing Guidelines—matters over which our review is unlimited. *State v. Samuel*, 309 Kan. 155, 157, 432 P.3d 666 (2019); see *State v. Keel*, 302 Kan. 560, 571-72, 357 P.3d 251 (2015).

The Guidelines use a combination of a person's criminal history and the severity level of the crime of conviction to determine the presumptive sentencing range for that crime. See K.S.A. 2024 Supp. 21-6804 (providing sentencing grid for nondrug crimes). A person's criminal history for sentencing purposes generally includes any previous felony and misdemeanor convictions. See K.S.A. 21-6810(c). But K.S.A. 21-6810(d)(9) clarifies that "[p]rior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes." Put another way, if an appellate court has found a statute defining a crime to be unconstitutional, a conviction based on that statute cannot be considered as part of a criminal-history score. See *State v. Smith*, 320 Kan. 62, Syl. ¶ 7, 563 P.3d 697 (2025).

In 2019, the Kansas Supreme Court held that the portion of K.S.A. 2018 Supp. 21-5415(a)(1) that criminalized reckless criminal threats violated the First Amendment to the United States Constitution. *Boettger*, 310 Kan. 800, Syl. ¶ 3. Since then, the United States Supreme Court decided *Counterman*, holding that "a mental state of recklessness is sufficient" to prove that the speaker had a subjective understanding that communications were true threats. 600 U.S. at 69.

To date, the Kansas Supreme Court has not taken up the question of whether *Counterman* has effectively overruled its conclusion in *Boettger*. Arroyo claims that his criminal-threat conviction cannot be considered part of his criminal history based on the Kansas Supreme Court's decision in *Boettger*. The State argues—and the district court found—that *Counterman* superseded *Boettger* and thus removed any impediment to considering Arroyo's criminal-threat conviction at sentencing.

While this appeal has been pending, the Kansas Supreme Court decided *Smith*. That case involved the exact issue raised here—whether a criminal-threat conviction can be used in calculating a criminal-history score when it is unclear whether that crime was committed intentionally or recklessly. 320 Kan. at 90. Similar to Arroyo, the defendant in *Smith* objected to the court's inclusion of an earlier criminal-threat conviction in his criminal-history calculation. The court in *Smith* determined it was unnecessary to decide whether *Counterman* effectively overruled its holding in *Boettger* because the calculation of criminal history was controlled by K.S.A. 21-6810(d)(9). 320 Kan. at 90-91.

The *Smith* court found that a literal reading of that statute indicated "that reckless criminal threat convictions can never be included in a criminal history score 'because at one point in time, the Kansas Supreme Court determined that the reckless criminal threat statute violated the First Amendment.'" 320 Kan. at 90. In other words, "[n]othing in the plain language of [K.S.A. 21-6810(d)(9)] qualifies" that statute's limitation on criminal history "by considering *subsequent repudiations* of an appellate court's holding that a

statute is unconstitutional." 320 Kan. at 91. Our Supreme Court thus rejected the exact argument the State raises here. We are bound by the court's holding and thus reach the same conclusion: Arroyo's criminal-threat conviction could only be considered as part of his criminal history if that conviction was based on intentional conduct.

Having concluded that only intentional criminal threats could be considered as part of a person's criminal history, the *Smith* court examined whether the record showed that the defendant there had been convicted based on intentional or reckless conduct. The court's discussion is again relevant to the case before us:

> "Because Smith raised this issue before sentencing, the State bore the burden of proving that Smith's conviction arose under the portion of the statute that had not been previously declared unconstitutional. K.S.A. 21-6814(c). The State presented no evidence to carry this burden, instead focusing on whether *Counterman* overruled *Boettger*. Because the State failed to carry its evidentiary burden that Smith's 2003 conviction arose under a portion of the statute that remained constitutional after *Boettger*, the district court erred in including Smith's 2003 conviction in his criminal history score." *Smith*, 320 Kan. at 91.

Following the reasoning in *Smith*, here the State bore the burden of proving Arroyo's criminal history at sentencing. Like Smith, Arroyo objected at sentencing to the inclusion of his criminal-threat conviction in his criminal history. And instead of offering any evidence regarding the intentional or reckless nature of the conduct underlying that conviction to carry its burden, the State argued that *Counterman* allowed the court to calculate Arroyo's criminal history using that conviction. Thus, as in *Smith*, the State failed to carry its burden to show that Arroyo's criminal-threat conviction could legally be considered, and the district court erred when it imposed a sentence based on an incorrect criminal history.

5

We thus vacate Arroyo's sentence and remand to the district court for resentencing, with directions not to include his 2011 criminal-threat conviction in his criminal-history score.

Sentence vacated and remanded with directions.