NOT DESIGNATED FOR PUBLICATION

No. 126,810

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MILO A. JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Submitted without oral argument. Opinion filed April 17, 2026. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., ARNOLD-BURGER and SCHROEDER, JJ.

PER CURIAM:  Milo A. Jones is once again dissatisfied with the sentences imposed in 1999 for his convictions and now timely appeals from the denial of his motion to correct an illegal sentence. Based on our extensive review, we find Jones failed to set forth a proper claim for relief under K.S.A. 22-3504 and has raised a new issue on appeal that we decline to address. Thus, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

This is not Jones' first attempt to challenge the legality of his sentences. The full factual and procedural background underlying Jones' convictions and sentences is well known to the parties and more fully set out in Jones' prior appeals. See *State v. Jones*, No. 124,077, 2022 WL 816340, at *1 (Kan. App. 2022) (unpublished opinion); *Jones v. State*, No. 101,890, 2011 WL 2555405, at *1-2 (Kan. App. 2011) (unpublished opinion); *State v. Jones*, No. 82,869, 2000 WL 36746321, at *1 (Kan. App. 2000) (unpublished opinion).

Relevant to the issue here, Jones was charged in two criminal cases, 1998CR1897 (Case 1) and 1998CR1956 (Case 2), for acts committed in 1998. Prior to trial, his attorney filed a motion to consolidate the cases; however, the motion was later withdrawn. Jones was convicted by a jury of the charges filed in Case 1. He later entered pleas in Case 2 based on a signed plea agreement. At a combined sentencing hearing, the district court sentenced Jones to 194 months' imprisonment in Case 2 with a consecutive sentence of 137 months' imprisonment in Case 1.

Jones' convictions in Case 1 were affirmed on direct appeal. *Jones*, 2000 WL 36746321, at *4. Jones filed several postconviction motions and related appeals thereafter. See *Jones*, 2022 WL 816340, at *1. This appeal arises from the district court's denial of Jones' most recent motion to correct an illegal sentence wherein he asserted his trial counsel was ineffective, subjecting him to a sentencing disparity in violation of his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The district court denied Jones' motion, finding he failed to set forth a proper claim for relief under K.S.A. 22-3504.

Jones filed multiple subsequent motions, which the district court appeared to collectively interpret as a motion to reconsider, and denied the motion(s).

2

Jones argues the district court erred in denying his motion to correct an illegal sentence. Under K.S.A. 22-3504(a), an illegal sentence can be corrected at any time while a prisoner is serving a sentence. An "'[i]llegal sentence'" means a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 22-3504(c)(1).

There is no dispute Jones' sentences were legal under the statutory criteria when Jones committed his crimes. Instead, Jones asserts his trial counsel was ineffective for withdrawing the motion to consolidate the two criminal cases from which his sentences arose. He argues this resulted in a longer sentence because, if the cases had been consolidated, his total sentence would have been limited to twice the sentence of the base charge under the "double rule" of K.S.A. 21-4720(b)(4) (Furse 1995), now K.S.A. 21-6819(b)(4) (defendant's total sentence cannot exceed twice sentence for base charge).

In support of his claim, Jones cites to *State v. Dixon*, 60 Kan. App. 2d 100, 133-40, 492 P.3d 455 (2021) (defendants charged with multiple counts in separate complaints entitled to benefit of double rule if charges could have been filed in single complaint); *State v. Fitzgerald*, No. 123,121, 2022 WL 815839, at *6-7 (Kan. App. 2022) (unpublished opinion) (same); and subsequent authorities applying the same rationale. However, those cases turned on constitutional grounds under the Equal Protection Clause of the Fourteenth Amendment. See *Dixon*, 60 Kan. App. 2d at 133-40; *Fitzgerald*, 2022 WL 815839, at *5-7. It is well-settled law that the constitutionality of a sentence is not a valid ground for relief under K.S.A. 22-3504. *State v. Donahue*, 309 Kan. 265, 266-67, 434 P.3d 230 (2019). Further, the authorities Jones relies on were decided more than 20 years after he was originally sentenced.

Jones, having failed to establish he was entitled to any relief under K.S.A. 22-3504 before the district court, now, for the first time on appeal, raises a new alternative argument that his motion to correct an illegal sentence could or should have been construed as a motion to withdraw his pleas. The record reflects Jones never asked the district court to consider his current motion as a motion to withdraw his pleas. Our Supreme Court has repeatedly stressed that Kansas appellate courts "generally do not address legal theories raised for the first time on appeal." *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024). And even if a recognized exception to this general rule may apply, we are under no obligation to review the new claim or provide a reason for our denial. 319 Kan. at 730.

Jones suggests we apply a recognized exception to the general rule—that it "is necessary to serve the ends of justice, given the significant sentencing disparity that resulted from counsel's failure to pursue consolidation of the cases for sentencing purposes." Jones now claims his pleas in Case 2 were not knowingly and voluntarily entered. But Jones forgets that page 1 of his plea agreement in Case 2 specifically explained how his sentences would be computed based on his plea while also reserving his right to ask for concurrent sentences with Case 1. We exercise our prudential authority and decline to construe Jones' successive motion to correct an illegal sentence as a motion to withdraw his pleas. Jones, in his brief, also misunderstands a motion to withdraw his pleas can only apply to Case 2 and not Case 1 because those convictions arose from a jury trial.

The record reflects Jones previously filed a motion to withdraw his pleas in Case 2, based on different grounds, and the denial of the motion was affirmed by another panel of this court. *Jones*, 2011 WL 2555405, at *5-6. Jones fails to address this at all, whether by replying to the State's claim his argument is barred or by offering any persuasive reason he should now be allowed to relitigate this claim. The decision became a final

ruling on the plea withdrawal issue in 2011. See *State v. Kelly*, 291 Kan. 868, 874-75, 248 P.3d 1282 (2011).

Finally, Jones asserts the district court erred in denying his motion to reconsider. But Jones presented no persuasive or meritorious argument for the district court to reconsider. Here, given our ruling today, there was no error in the district court's legal conclusion when it denied Jones' successive motion to correct an illegal sentence. See *Kelly*, 291 Kan. at 874-75 (successive motions not favored in Kansas law).

Affirmed.